The defendants pleaded the general issue, and upon the trial at a former term in this county, before Sewall, J., the cause was submitted to the opinion of the Court on the facts reported by the judge. Those facts will sufficiently appear in the following opinion of the Court, as delivered by
Parsons, C. J.
It appears that the town is incorporated, and consists of about two hundred families, who are generally Baptists, The town has elected no public teacher, and has made no provision for the support of one. If there were no other facts in the report, the conviction would manifestly be right. But in the report, it is further stated that there are three voluntary associations of Baptists, each of which has a public teacher, who depends for his support on the voluntary contributions of his hearers; and it is not stated that either of the said teachers is under any obligation or contract to discharge the duties of that office.
The defendants contend that by these further facts they are ex cused from the duty enjoined by the statute.
' On this point the Court do not think it necessary to give any opinion ; for on looking into the statute it deserves much consideration whether judgment can be rendered upon this conviction on another ground.
This section does not enjoin a new duty on towns, and thereby create a new offence in the neglect of this duty; for from the earliest settlement of the country it has been made the duty of all towns of sufficient ability to be provided with a public religious teacher. But the prosecution for offences committed after the passing of this statute can be maintained only on the statute, as in the last section all former laws are repealed. For the offence a pecuniary fine is im posed, to be recovered at the Sessions, and now at the Common Pleas. But the * original jurisdiction of this [ * 259 ] Court may' remain, when not taken away by the express words or by necessary implication. And it is a general rule, that all public misdemeanors, which may be prosecuted by indictment, may be prosecuted by information in behalf of the commonwealth, unless the prosecution be restrained by the statute to indictment. If therefore there was no other provision respecting the fine than a recovery by indictment, we are disposed to admit that the information in this case could be maintained.
But these points it is not necessary now to decide ; for on a further examination of this section, it appears that, although a duty is *198 enjoined on all towns to be provided with public teachers, yet no fine is to be imposed on any town, unless, in the judgment of the Court of Sessions, the town is of sufficient ability to be provided with a public teacher.
Holmes, for the defendants.
Here is a discretion lodged with the Court of Sessions, and not with this Court; and I know of no law by which we can assume this discretion. But if we entertain original jurisdiction of this offence, we must either exercise this discretion, or in all cases impose this fine, even although the town is not of sufficient ability; in which case it is not liable by the statute to pay a fine.
It is therefore our opinion that, in consequence of this discretion being exclusively vested in the Court of Sessions, this Court, by necessary implication, is ousted of original jurisdiction in this cause.
But this Court may, notwithstanding, retain its appellate jurisdiction. For we can receive no appeal but from a sentence against the town, which the Sessions will not pass, unless they are satisfied that the town is of sufficient ability to be provided with a teacher. And if we affirm the sentence, we may order the sheriff to pay [ * 260 ] the fine to the county treasurer, to be disposed of * by the Sessions agreeably to a subsequent provision in this section.
Upon this opinion being pronounced, the Solicitor-General entered a nolle prosequi.