IN THE MATTER OF THE ENFORCEMENT OF A SUBPOENA.

Suffolk. March 5, 2002. - May 10, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SOSMAN, & CORDY, JJ.

*Supreme Judicial Court,* Appeal from order of single justice. *Commission on Judicial Conduct. Judge. Subpoena. Witness,* Subpoena. *Constitutional Law,* Freedom of speech and press, Privacy, Impoundment order. *Privacy. Practice, Civil,* Discovery.

A single justice of this court neither committed an error of law nor abused his discretion in enforcing a subpoena ordering a witness to produce documents pertaining to a matter pending before the Commission on Judicial Conduct, where the subpoena sought documents related to a matter that was under investigation by the commission, and it was undisputed that that investigation was commenced on the receipt of complaints and after giving notice of those complaints to the judge in question [786-790]; where the subpoena did not infringe on the witness's free speech rights guaranteed by the State and Federal Constitutions, and the Commonwealth had a compelling interest in the thorough investigation and fair resolution of allegations of judicial misconduct [790-792]; where the investigation was not conducted in an abusive manner [792-793]; and where the witness's alleged privacy interests, when weighed against the potential relevance of the information sought, did not entitle the witness to avoid the commission's legitimate demand for relevant information [793-796]; further, the single justice did not abuse his discretion in impounding all papers filed in connection with this matter, where he determined, in accordance with G. L. c. 211C, §§ 5 (1) and 6, that the underlying commission proceedings were confidential, and that the judge under investigation had not waived her right of confidentiality and, in fact, supported the commission's motion to impound [796-798].

PETITION filed in the Supreme Judicial Court for the county of Suffolk on July 16, 2001.

The case was heard by *Spina,* J.

*Andrew Good & Harvey A. Silverglate* for the respondent.

*Roberto M. Braceras (Paul F. Ware, Jr., & Cheryl L. Rainville* with him) for Commission on Judicial Conduct.

The following submitted briefs for amici curiae:

*M. Robert Dushman* for Boston Herald.

*Cindy Cohn*, of California, for Electronic Frontier Foundation.

SOSMAN, J. The Commission on Judicial Conduct (commission) subpoenaed the spouse of a judge to produce documents pertaining to a matter pending before the commission. When the witness refused to produce the documents, the commission sought and obtained an enforcement order from a single justice of this court. The witness appealed. On March 5, 2002, we issued an order affirming the single justice. This opinion explains the basis of our decision.

1. *Background.* The commission is conducting an investigation into the handling of a specific case by a particular judge. The judge has been notified of the investigation and is represented by counsel. On June 8, 2001, the commission served a subpoena duces tecum on the judge's husband, a journalist and owner of a local newspaper, requiring him to produce all nonprivileged documents in his possession or control relating to the specific case that is the subject of the commission's investigation. On June 26, 2001, the witness's attorney advised the commission that the only responsive documents the witness had were certain electronic communications (e-mail), but that the witness objected to their production on various grounds.

On July 16, 2001, the commission filed a petition with the county court seeking to enforce the subpoena.[1] Based on the confidentiality provisions of G. L. c. 211C, § 6, and Rule 5 of the Rules of the Commission on Judicial Conduct (2001), the commission also filed a motion to impound all papers filed in connection with the petition. The witness opposed the petition and opposed the motion for impoundment. The attorney for the judge filed a response supporting the motion to impound, but took no position with respect to the merits of the petition for enforcement. On September 14, 2001, the single justice ordered that all papers be impounded. The witness appealed from that impoundment order, and moved to stay, vacate, or modify the order of impoundment. The motion was denied by this court on September 28, 2001. On October 10, 2001, the single justice is-

---

[1]The Commission on Judicial Conduct (commission) had commenced enforcement proceedings in the Superior Court, but that matter was stayed after the commission decided to bring the matter before the single justice. See G. L. c. 211C, § 3 (5).

sued his memorandum and judgment, rejecting the witness's various objections and ordering him to comply with the subpoena. The witness then filed a motion for reconsideration or, in the alternative, for a stay pending appeal. That motion was denied on October 19, 2001. The present appeal followed.

2. *Discussion.* In reviewing the decision of a single justice, we will reverse only if he has made a clear error of law or has abused his discretion. *Boston Herald, Inc.* v. *Sharpe,* 432 Mass. 593, 602 (2000), and cases cited. That standard of review applies "even where constitutionally based claims are at stake." *Id.* The witness raises a series of arguments contending that the single justice committed an error of law in enforcing the subpoena and in ordering impoundment. We address each argument in turn.

a. *Authority of the commission.* The witness contends that, due to claimed procedural defects in certain aspects of the investigation, the subpoena goes beyond the scope of any "authorized investigation" and that he cannot be compelled to produce evidence unless it is relevant to an "authorized investigation." See *Ward* v. *Peabody,* 380 Mass. 805, 813-814 (1980). Specifically, the witness contends that the commission's powers are limited to the investigation of complaints received, and that the judge must be given prompt notice of such complaints. See G. L. c. 211C, § 5 (1), (2).[2] He argues that the complaints against the judge received by the commission to date do not extend to the matter that is the actual subject of the subpoena, and that the judge has not received notice of any expansion of the investigation into that matter. Based on those alleged defects, he argues that the commission does not presently have authority to conduct any investigation to which the subpoenaed documents would be relevant.

---

[2]Contrary to the witness's assertion, the commission also has the power to initiate proceedings on its own motion "when the commission receives reasonable information, including reports in the news media, as to conduct that appears to constitute grounds for discipline." G. L. c. 211C, § 5 (1). Similarly, while notice to the judge prior to commencement of the actual investigation is the norm, the commission may postpone notice in certain defined circumstances. G. L. c. 211C, § 5 (2). Thus, the absence of a filed complaint or the absence of notice would not automatically mean that the commission was acting beyond its authority in conducting an investigation.

The witness's attempt to transform alleged procedural irregularities into a lack of authority to investigate is unpersuasive. The witness acknowledges, as he must, that the commission did receive complaints about his wife's handling of the case identified in the subpoena, and the judge's attorney acknowledges that the judge has been notified of those complaints. There is, even under the witness's analysis, an authorized investigation into that case, and the subpoena seeks communications relating to that precise case. On its face, the subpoena seeks documents related to a matter that is under investigation by the commission, and it is undisputed that that investigation was commenced on the receipt of complaints and after giving notice of those complaints to the judge in question.

However, the witness (and the judge's counsel) try to narrow the focus of those complaints by claiming that they involve only "an issue of demeanor which occurred in open court." Contending that the authorized investigation is therefore limited in scope, the witness argues that the subpoenaed documents would be of no relevance to that investigation and the commission would have no legitimate need for them.[3] It does not appear that the investigation is precisely confined to the issue of demeanor. Another aspect of the judge's handling of the case concerns an allegation that, in the wake of controversy surrounding both her decision and her demeanor at the hearing in question, she conducted a "whisper[ing] campaign" to discredit one side of the case and thereby justify her ruling and her behavior. Allegations that the judge was conducting such a campaign were reported in the media, and thus could properly form the basis of an investigation on the commission's own motion without the filing of any complaint. G. L. c. 211C, § 5 (1). See note 2, *supra*. Whatever notice was or was not sent to the judge at the start of the investigation into the various complaints received, the judge has since been made aware that the commission is asking witnesses about such a "whispering campaign" and is aware that the commission's investigation includes inquiry into that aspect of the case. She has, however,

---

[3]The hearing in question was recorded on videotape, and there would be no need to resort to extraneous sources to assess the judge's demeanor during that hearing.

In the Matter of the Enforcement of a Subpoena.

taken no action seeking to dismiss the pending matter or to limit the commission's investigation. See *McKenney* v. *Commission on Judicial Conduct*, 377 Mass. 790, 791 (1979) (judge sought order dismissing allegedly defective complaint before commission).

Despite the lack of any such challenge by the judge herself, the witness asks that the commission be required to demonstrate to him, or to submit to the court for in camera inspection, the materials that will reveal the precise scope of any complaints received (or the basis for any investigation undertaken on the commission's own motion) and confirm the giving of notice to the judge. Because the commission has not made such a submission, the witness contends that the commission has not demonstrated that the investigation is authorized. Of course, as the party seeking to quash the subpoena, the burden is on the witness to show that the investigation is *not* authorized. See *Matter of a John Doe Grand Jury Investigation*, 410 Mass. 596, 600 n.1 (1991); *Matter of Pappas*, 358 Mass. 604, 614 (1971), aff'd sub nom. *Branzburg* v. *Hayes*, 408 U.S. 665 (1972). The burden is not on the commission to justify its actions.

Moreover, the witness ignores the peculiar predicament faced by the commission when confronted with such a demand by a witness. By statute and by rule, commission proceedings are confidential. See G. L. c. 211C, § 5 (1) (commission "shall conduct a prompt, discreet and confidential inquiry, investigation and evaluation"); G. L. c. 211C, § 6 (1) ("all proceedings of the commission shall be confidential" until such time as formal charges are filed against judge); Rule 5 of the Rules of the Commission on Judicial Conduct (same). The notion that the commission must provide a witness with an explanation of and justification for the precise scope of its investigation as a prerequisite to enforcement of a subpoena is antithetical to these confidentiality requirements. Absent a waiver of confidentiality from the judge who is under investigation,[4] the commission's ability to respond to a witness's demand for such information is severely constrained.

---

[4]See G. L. c. 211C, § 6 (2) (judge may waive right to confidentiality). Here, the judge has not waived her right to confidentiality of the proceedings, other than to allow the commission to confirm publicly that it is conducting an investigation.

Nor can the witness command in camera inspection by the single justice as a prerequisite to enforcement of a commission subpoena. The single justice heard argument from counsel for the commission, including counsel's representation that the judge was notified that the alleged "whispering campaign" was a subject of the investigation. The single justice noted that the judge's attorney had entered an appearance in the enforcement proceedings and had attended the hearings on the commission's petition. He could, without conducting any in camera inspection of confidential commission documents, reasonably conclude that the judge had knowledge of the fact that the investigation extended to this particular subject.[5] He did not abuse his discretion in declining to conduct an in camera inspection to confirm what the record already established.

The single justice also noted that the right to notice was a procedural protection for the benefit of the judge, not a right that could be asserted by a witness. In his view, the witness lacked standing to complain that the judge had not been afforded the full protections to which she was entitled under the statute. Using an expansive reading of *Ward* v. *Peabody*, 380 Mass. 805 (1980), the witness is essentially arguing that any procedural defect that could be raised by a party to a proceeding may be raised by a mere witness in opposition to a subpoena, on the theory that any such defect could render the entire proceeding "unauthorized." Followed to its logical extreme, the argument would give witnesses the power to divert proceedings from the issues and strategies chosen by the parties. For example, a witness summonsed to testify at a criminal trial cannot have the summons quashed on the theory that the defendant could have filed a meritorious motion to suppress evidence, that suppression would have resulted in the dismissal

[5]Indeed, as part of the witness's motion for reconsideration, he submitted two letters from the judge's attorney. The attorney's letters acknowledged reviewing "complaints" filed with the commission. While the attorney claimed that those complaints involved "an issue of demeanor" and that he did not understand them to raise an issue surrounding any "whispering campaign," he acknowledged interviewing witnesses who had spoken to the commission and who told him that the commission had asked them about the "whispering campaign." He thus acknowledged full awareness of the fact that the commission is including the alleged "whispering campaign" within the scope of its ongoing investigation.

of the charges, and that the trial is therefore "unauthorized." Or, in the civil context, a witness summoned to a deposition cannot avoid giving testimony by claiming that the complaint was not properly served on the defendant. Procedural requirements that exist for the benefit of a party are for the party to enforce. Where a party has not done so, a witness may not invoke an alleged failure of compliance with that procedural requirement as a basis for quashing a subpoena. Cf. *Cabot* v. *Corcoran*, 332 Mass. 44, 46-48 (1954) (declining to order witness to testify when investigating commission no longer in existence).

b. *Infringement of constitutional rights.* The witness argues that the subpoena infringes on his free speech rights guaranteed by the First Amendment to the United States Constitution and by art. 16 of the Massachusetts Declaration of Rights, as amended by art. 77 of the Amendments to the Massachusetts Constitution, and that the commission must therefore demonstrate that enforcement of the subpoena is justified by a compelling State interest. Like the single justice, we see no such infringement. The mere fact that the subpoena calls for production of documents reflecting, inter alia, communications that the witness had with others does not burden speech. Indeed, witnesses in a vast array of proceedings are commonly called on to give evidence concerning what they said or wrote to others and what others said or wrote to them. A discovery request or subpoena seeking information about a witness's communications does not automatically raise free speech concerns. Similarly, the fact that the subject matter of the witness's communications may include items that are of current public interest or controversy, and the fact that the witness is himself a journalist, do not transform the commission's subpoena into a violation of free speech rights. "[W]e do not believe that the First Amendment creates at the level of constitutional doctrine an exception to the 'longstanding principle that "the public . . . has a right to every man's evidence." ' " *Matter of Roche*, 381 Mass. 624, 633 (1980), quoting *Branzburg* v. *Hayes*, 408 U.S. 665, 688 (1972).

The witness argues that the commission's investigation into his communications will have a "chilling effect" on speech. See

*Sweezy* v. *New Hampshire*, 354 U.S. 234, 254 (1957); *Matter of Roche, supra* at 637 (protective order required "if discovery were sought to 'chill' a particular point of view"). We see no such chilling effect here. The witness is not even subject to any form of discipline or investigation by the commission. And, unless they are judges, the people with whom he communicated cannot be subject to any action by the commission.[6] The only issues before the commission pertain to the conduct of the judge herself. There is no threat, express or implied, blatant or subtle, that the commission is even capable of making against the witness or those with whom he has communicated. The witness has failed to show how requiring him to comply with this subpoena will chill his rights of expression or association.[7]

Moreover, to the extent that any constitutional rights are implicated in the enforcement of this subpoena, the commission readily satisfies any requirement of a compelling State interest. The State has a compelling interest in the thorough investigation and fair resolution of allegations of judicial misconduct. If there has been such misconduct, the State has a compelling interest in disciplining the offending judge. Or, if the judge has been wrongly accused, the State has a compelling interest in

---

[6]Nor can the commission "chill" speech by means of embarrassing the witness or his associates, as the confidentiality of the proceedings prevents the commission from disclosing the information discovered during the course of the investigation. See G. L. c. 211C, § 6. Confidentiality terminates only if the judge waives her right to confidentiality of the investigation, G. L. c. 211C, § 6 (2), or if, after investigation, the commission issues formal charges against the judge, G. L. c. 211C, §§ 5 (14), 7. While any hearing on formal charges would be public, the rules of evidence apply to such hearings, G. L. c. 211C, § 7 (3), and therefore the only communications that could be disclosed in that public forum would have to be relevant to the actual charges and meet all other criteria for admissibility. The only ruling at issue today is one allowing the commission to discover these communications. We are not addressing a ruling that would admit those communications in evidence at any proceeding or otherwise make them available to the public.

[7]At times, the witness's argument appears to assert the judge's own interests, suggesting that the commission's investigation will chill her free speech rights or threaten her ability to exercise her independent judgment as a judge. The witness not only lacks standing to make such an argument, but the argument itself is premised on the theory that the complaints against the judge lack merit. The very purpose of the investigation is to assess whether the complaints do or do not have merit. A witness may not quash a subpoena based simply on his own personal views or predictions as to the ultimate outcome of the case.

dispelling that unwarranted accusation. Production of documents that are relevant to a particular allegation of misconduct serve a compelling State interest, whether they tend to corroborate such an allegation or whether they tend to refute that allegation. The witness here insists that the contents of the documents responsive to this subpoena do not contain "anything improperly disclosed or asserted by [the judge]." If that be the case, the commission and the judge both have a compelling need for the evidence that will help resolve that aspect of the accusations against her. See *Gibson* v. *Florida Legislative Investigation Comm.*, 372 U.S. 539, 546 (1963) (if investigation intrudes on rights of speech, press, or association, State must show "a substantial relation between the information sought and a subject of overriding and compelling state interest").

c. *Abusive investigation.* The witness contends that the commission has conducted the investigation in a fashion such that it constitutes an "abuse of the information gathering function." *Ward* v. *Peabody*, 380 Mass. 805, 813 (1980). See *Watkins* v. *United States*, 354 U.S. 178, 197-198 (1957) ("Abuses of the investigative process may imperceptibly lead to abridgment of protected freedoms"); *Matter of Roche*, 381 Mass. 624, 636-637 (1980) (judge should prevent "use of discovery as a means of harassing a reporter or other potential witness"). As evidence of that alleged "abuse of the information gathering function," he submits that other persons who made public statements supportive of the judge have also been subpoenaed by the commission and questioned concerning whether the judge asked them to make such statements. This is hardly abusive. An investigation of whether a judge has, through others, contrived to orchestrate a "whispering campaign" against one side of a case would logically include questioning those to whom she would likely have turned for such assistance. There is nothing abusive or improper in the commission's inquiry of the judge's friends and supporters as part of such an investigation.

Similarly, the witness claims as further evidence of abusive investigation the fact that the commission did not take a statement under oath from friends and supporters who told the commission that they had not been asked by the judge for any as-

sistance in any "whispering campaign." When a witness has no evidence pertaining to any form of judicial misconduct, there is nothing surprising in the fact that the commission does not waste its time and resources obtaining under oath statements or depositions from such a witness. If there is evidence of judicial misconduct, one would expect the commission to preserve it carefully. If a witness has no evidence, there is nothing to preserve. Ultimately, if the investigation uncovers no evidence in support of the allegation that the judge instigated a "whispering campaign," the allegation will not result in any formal charge on the subject. That the commission has not taken under oath statements of witnesses who have nothing relevant to say with respect to this particular allegation is not any indication of "abusive" investigation tactics.

d. *Privacy interests*. The witness asserts that this subpoena trenches on his privacy interests, claiming that those interests are constitutionally protected or, in the alternative, that they justify the exercise of the court's discretionary power to deny discovery. The constitutional claim is easily disposed of. The witness claims that the documents responsive to the subpoena are e-mails received through "electronic mailboxes" and that he has the same constitutionally protected privacy expectations in those "electronic mailboxes" as he would in his regular mailbox. See *Commonwealth* v. *Montanez*, 410 Mass. 290, 302 (1991) (tenant would have reasonable expectation of privacy in mailbox even if it were located in common area of apartment building); *Commonwealth* v. *Garcia*, 34 Mass. App. Ct. 386, 392-393 (1993) (evidence found during warrantless search of mailbox should have been suppressed).

The commission does not propose to "search" the witness's computer or "electronic mailboxes." As with any other discovery request, the subpoena provides the defining characteristics of the items it seeks and leaves it up to the witness to locate and produce them. Wherever responsive items are kept, and whether or not those locations would ordinarily be viewed as private such that the government would need a warrant to search them, there is no constitutional dimension to the requirement that the witness himself find and produce designated items. Subpoenas and discovery requests commonly require witnesses

to retrieve documents and objects from locations in which they would have a reasonable expectation of privacy within the meaning of the Fourth Amendment or art. 14. That does not transform a subpoena into an unlawful "search" that would raise constitutional concerns.

Despite all the constitutional rhetoric in the witness's arguments, the one critical issue raised in opposition to this subpoena is the request that the court exercise its discretion and deny this discovery due to privacy concerns. Even where relevant evidence is sought as part of a legitimate investigation, "privacy interests of the [witness] and possibly of others should be considered." *Ward* v. *Peabody*, *supra* at 819. "[A]s the relevance of a document or part of it was seen to be attenuated or remote, the existence of a personal interest in nondisclosure might well persuade a court against ordering production." *Id.* at 820. "[P]rivacy interests might become a factor in decision as the categories or items mentioned seek information that may shade into slight relevance, while possibly exposing personal relationships of no concern to legitimate investigation." *Id.* "At the edge of relevancy, when the value to the investigation of a piece of demanded information is seen to be marginal, courts have been prepared to assess and allow as a counterweight 'the right to be exempt from all unauthorized, arbitrary or unreasonable inquiries and disclosures in respect of [a witness's] personal and private affairs.' " *Id.* at 813-814, quoting *Sinclair* v. *United States*, 279 U.S. 263, 292 (1929).

We accept the witness's assertion that the communications sought here include at least some that are intensely personal. Communications with close friends and family members, concerning what the witness perceived as an unjustified and highly publicized accusation against his wife, presumably contained much that was never intended to be shared outside that immediate circle. We recognize the weighty privacy interests of both the witness and the persons with whom he communicated on this subject.

However, the weighing of privacy interests as against relevance of the items sought in discovery is a matter "committed to the sound discretion of the trial judge." *Adoption of Paula*, 420 Mass. 716, 734 (1995). See *Solimene* v. *B. Grauel*

*& Co., KG*, 399 Mass. 790, 799 (1987), and cases cited. On an appeal from the single justice, the witness must do more than show that the single justice could permissibly have declined to enforce the subpoena, or required it to be narrowed further, or imposed additional restrictions on its enforcement. Rather, the witness must show that the single justice abused his discretion when he enforced the subpoena as written.

We see no abuse of discretion. First, the potential relevance of the discovery sought by the commission is high. Where the judge's husband is himself a journalist, any attempt by the judge to mount a "whispering campaign" in the press would logically be undertaken with the help of her husband. Thus, if such a campaign was attempted, the best place to look for evidence of that campaign would be the husband's communications with others. By the same token, if the journalist husband's communications with others contain no evidence of any such campaign, the absence of such evidence would have a strong tendency to exonerate the judge of that particular accusation. Thus, while the privacy interests are strong, the relevance of the documents is high. *Ward* v. *Peabody, supra* at 813-814, 819, 820, allows privacy interests to defeat a request for discovery when the relevance of the information sought is "marginal," "attenuated," "remote," or "slight."[8] It does not support the proposition that privacy interests should trump a discovery request for highly relevant information.

We further note that the privacy interests at stake here receive a substantial measure of protection by way of the commission's confidentiality provisions. G. L. c. 211C, § 6. The commission is not allowed to disclose these communications during the course of its investigation. If and when the investigation results in any formal charges against the judge, only that evidence that is both pertinent to the actual charges and admissible under normal evidentiary rules will be admitted at any public hearing. See G. L. c. 211C, § 7 (3) (at formal public hearing on charges

---

[8]And, in the context of an investigation into misconduct by a public official, *Ward* v. *Peabody*, 380 Mass. 805, 813 (1980), suggests that the standard of relevance should not be particularly high: "[I]n testing relevance it must be understood that too rigid or exacting an approach might unduly trammel the Commission's enterprise which, on its investigatory side, could not, at least at the beginning, know exactly its own limits."

against judge, "the rules of evidence applicable to civil proceedings shall apply"). Thus, before any of these personal communications can be made public, they must be directly relevant to an actual formal charge and satisfy the evidentiary requisites for admissibility. Enforcement of this subpoena will not result in the dissemination of personal, private communications that turn out to be irrelevant to the proceedings.[9]

The single justice determined that the discovery request, limited to communications concerning the precise case that is the subject of the commission's investigation, was "appropriately narrow" and of relevance to the allegations made against the judge. He did not abuse his discretion or commit any error of law in making that determination, and, having made it, he was not required to quash the subpoena on account of asserted privacy interests. Those interests could be weighed against the potential relevance of the information sought, but they do not entitle the witness to avoid the commission's legitimate demand for relevant information.

e. *Impoundment.* Finally, the witness appeals from the single justice's order impounding all papers filed in connection with this matter.[10] We see no error in the order of impoundment. The single justice conducted a hearing on the commission's motion to impound, with notice, in open court. See S.J.C. Rule 1:15, as appearing in 401 Mass. 1301 (1988); Rules 4 and 7 of the Uniform Rules on Impoundment Procedure 490 (2001). He

---

[9] We also note that while the witness raised privacy interests as a basis for quashing the subpoena, he has made no effort (either in communications with counsel for the commission or before the single justice) to suggest any means by which the relevant information could be provided to the commission while simultaneously providing some additional measure of protection to the privacy interests at stake. Alternatives such as partial redaction, in camera inspection, limitations on copying of the documents, or restrictions on who could see the documents were never even suggested to the single justice. Rather, the witness has asserted privacy interests as part of an "all or nothing" strategy seeking to block this discovery in its entirety. Where the witness has failed to comply with this discovery for almost one year, despite the denial of his motion for a stay some six months ago, we would view it as too late for the single justice to entertain any such compromise proposals at this juncture.

[10] The commission argues that the court has already decided that appeal. We have not. We denied a motion to stay, vacate, or modify the order of impoundment, which was pressed as an urgent matter because of an upcoming hearing. We did not decide the appeal itself.

determined, in accordance with the statute, that the underlying commission proceedings were confidential. See G. L. c. 211C, §§ 5 (1), 6. The judge under investigation had not waived her right to confidentiality, and in fact supported the commission's motion to impound. The single justice therefore concluded that there was "good cause shown" (Rule 7 of the Uniform Rules on Impoundment Procedure) to impound the papers filed "because the papers are replete with identifying material that would, if not impounded, defeat the statutory right to confidentiality of the judge being investigated." He noted, correctly, that the court customarily impounds papers in other types of matters where confidentiality of the underlying proceeding is prescribed by statute.[11] We see no abuse of discretion in treating this matter in the same fashion as comparable matters involving statutory mandates of confidentiality or secrecy. See S.J.C. Rule 1:15, § 2 (material impounded in trial court remains impounded on appeal).

The witness argues that the statute only imposes a requirement of confidentiality on the commission itself, and not on witnesses or persons outside the commission. See G. L. c. 211C, § 6. He thus protests that the impoundment order improperly exceeds the scope of the confidentiality requirement actually imposed by the statute. As the single justice explained, nothing in the impoundment order prevents the witness from "speak-[ing] publicly about the proceedings before the commission and about these proceedings," and "the commission expressly disavows that it is seeking an order restricting such speech." An order impounding the papers filed with this court in this matter is not a gag order on the witness or a prior restraint on his speech, and he has in fact spoken out publicly concerning this matter on many occasions without repercussion. His desire to speak out, however, does not compel this court to open its files on the matter. This proceeding was commenced by the commission during the course of and in furtherance of a pending commission investigation; the commission is under a statutory obligation to maintain the confidentiality of that matter; and the

---

[11]As with other such cases, the impoundment order extended only to the papers filed with the court. The hearings themselves were held in open court, and the court's own orders and decisions have been made public.

commission's request that this court therefore impound the papers filed in these proceedings is a legitimate request that this court handle the matter consistently with that statutory mandate of confidentiality. It is not an unconstitutional infringement of the witness's rights. We therefore affirm the single justice's order impounding the papers filed in this matter.