## In the Matter of a Grand Jury Subpoena.

Suffolk. May 2, 2006. - June 22, 2006.

Present: Marshall, C.J., Greaney, Ireland, Cowin, Sosman, & Cordy, JJ.

*Grand Jury. Moot Question. Privileged Communication. Witness,* Privilege. *Statute,* Construction. *Evidence,* Testimonial privilege.

This court exercised its discretion to consider an appeal that was moot, where the matter, which involved the scope of the spousal privilege not to testify under G. L. c. 233, § 20, Second, had been fully briefed and argued, the issue was one of importance on which trial judges had reached differing conclusions, and the issue was likely to recur during other proceedings. [89]

Discussion of the standard of review applicable where a petition pursuant to G. L. c. 211, § 3, alleges that both a motion judge and the single justice committed an error of law in the interpretation of the statute in question. [89-90]

This court concluded that the spousal privilege set forth in G. L. c. 233, § 20, Second, does not apply to witnesses summonsed to appear before a grand jury. [90-99]

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on March 24, 2006.

The case was considered by *Spina,* J.

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

*Laurence Cote* for the respondent.

Sosman, J. In the present appeal, we are called on to decide whether the spousal privilege set forth in G. L. c. 233, § 20, Second, applies to a witness summonsed to appear before a grand jury. For the following reasons, we conclude that the privilege does not apply in grand jury proceedings.

1. *Background.* A Suffolk County grand jury was investigating a homicide that occurred on February 10, 2006. The prime suspect was arrested and ordered held without bail at his arraignment in the Boston Municipal Court Department. Thereafter, the defendant's wife was summonsed to appear before

the grand jury; she ultimately appeared with counsel and moved to quash the subpoena. The sole ground asserted in the motion to quash was that the grand jury's investigation was a "criminal proceeding against" the witness's husband and that she was therefore entitled to invoke the spousal privilege not to testify. G. L. c. 233, § 20, Second. A judge in the Superior Court allowed the motion to quash, whereupon the Commonwealth petitioned for relief from a single justice of this court pursuant to G. L. c. 211, § 3.[1] The single justice denied the Commonwealth's petition "for the reasons stated in the [witness's] opposition," and the Commonwealth appealed.

2. *Discussion.* a. *Mootness.* Subsequent to oral argument on the present appeal, the grand jury indicted the witness's spouse without the witness's testimony, rendering moot the resolution of the witness's motion to quash. However, the matter has been fully briefed and argued; the issue of privilege is one of importance; trial judges have reached differing conclusions on whether the spousal privilege applies before the grand jury (see Commonwealth *vs.* Economou, Worcester Superior Court No. 97-0197 [Mar. 15, 1999]); and the issue is likely to recur during other grand jury proceedings, where, as here, the grand jury may proceed with an indictment (or return a no bill) before the question of witness privilege can be resolved by way of a G. L. c. 211, § 3, petition. We therefore exercise our discretion to decide the present appeal. See *Matter of a Grand Jury Investigation*, 443 Mass. 20, 21 (2004) (proceeding to decide claim of privilege under G. L. c. 233, § 20, Fourth, in response to grand jury subpoena, despite fact that intervening indictments had rendered subpoena moot); *Metros* v. *Secretary of the Commonwealth*, 396 Mass. 156, 159 (1985), and cases cited.

b. *Standard of review.* The witness does not dispute that a petition pursuant to G. L. c. 211, § 3, was the appropriate

[1]While arguing that the spousal privilege of G. L. c. 233, § 20, Second, may not be invoked before the grand jury, the Commonwealth acknowledged that the more broadly worded protection for private conversations between spouses is applicable in grand jury proceedings. The first paragraph of § 20 provides that, with certain exceptions not applicable here, "neither husband nor wife shall testify as to private conversations with the other." That provision precludes any inquiry before the grand jury that would call on the witness to divulge private spousal conversations.

avenue by which the Commonwealth could seek to challenge the motion judge's decision quashing the subpoena. See *Matter of a John Doe Grand Jury Investigation*, 410 Mass. 596, 599 (1991). We review the single justice's decision denying the Commonwealth's petition for an abuse of discretion or other error of law. *Matter of the Enforcement of a Subpoena*, 436 Mass. 784, 786 (2002). The witness contends that the motion judge's underlying decision was a discretionary one, in which she balanced the witness's privacy interests against the grand jury's need for the witness's testimony, see *id.* at 794, 795, quoting *Ward* v. *Peabody*, 380 Mass. 805, 813-814, 819, 820 (1980), and that the single justice similarly had discretion to deny the Commonwealth's petition. However, the witness's motion to quash was based not on a claim of privacy interests, but solely on her assertion of a statutory privilege. The motion judge accordingly ruled on the issue of statutory privilege, interpreting G. L. c. 233, § 20, Second, as extending to proceedings before the grand jury.

That issue of statutory interpretation posed a pure question of law, not a matter addressed to the motion judge's discretion. And "if the motion judge's order [quashing the subpoena] was unlawful, the single justice had no discretion to deny the Commonwealth relief." *Matter of a John Doe Grand Jury Investigation, supra.* Where, as here, the Commonwealth alleges an error of law in the interpretation of the statute in question, committed by both the motion judge and the single justice, our review is essentially unaffected by the latitude that is ordinarily given to the single justice on a review for abuse of discretion. Instead, "we in effect review the motion judge's conclusion that on [statutory grounds], the subpoena[] should be quashed." *Id.* at 598-599. We therefore turn to the legal issue presented on this appeal, namely, whether the spousal privilege set forth in G. L. c. 233, § 20, Second, may be exercised before the grand jury.

c. *Interpretation of G. L. c. 233, § 20, Second.* When construing a statute, we look first and foremost to the language of the statute as a whole. *Commonwealth* v. *DeBella*, 442 Mass. 683, 687 (2004), and cases cited. Where the statute confers a testimonial privilege, the language of the statute is to be strictly construed. *Matter of a Grand Jury Investigation, supra* at 24,

quoting *Three Juveniles* v. *Commonwealth*, 390 Mass. 357, 359 (1983), cert. denied sub nom. *Keefe* v. *Massachusetts*, 465 U.S. 1068 (1984).[2]

The spousal privilege not to testify is conferred by the second paragraph of G. L. c. 233, § 20, which provides (with certain exceptions not relevant here): "[N]either husband nor wife shall be compelled to testify in the trial of an indictment, complaint or other criminal proceeding against the other." The witness contends that this provision should be read to mean that a spouse cannot be "compelled to testify in . . . [a] criminal proceeding against the other," and, where her husband was the target of the grand jury's investigation (and already under arrest for the alleged offense), the grand jury proceedings were a "criminal proceeding against" her husband. G. L. c. 233, § 20, Second. The Commonwealth contends that the statutory privilege applies only to testimony "in the trial of an . . . other criminal proceeding against" the witness's spouse, and that grand jury proceedings are not "trial[s]."[3] *Id.*

The Commonwealth's proposed reading of the statutory language makes syntactical sense, whereas the witness's proposed reading does not. The Commonwealth correctly notes that the words "in the trial of an" introduces, and therefore applies to, the three next identified proceedings ("indictment, complaint or other criminal proceeding"). *Id.* Moreover, all three forms of proceedings must be "against the other" spouse. *Id.* See *Commonwealth* v. *Maillet*, 400 Mass. 572, 576-578 (1987) ("against the other" refers to nature of proceeding, not

---

[2]The witness suggests that the rule of lenity, applicable to the interpretation of criminal statutes, see *Commonwealth* v. *Carrion*, 431 Mass. 44, 45-46 (2000), should be applied here. The statute before us confers a testimonial privilege; it does not define criminal conduct. The rule of lenity does not apply.

[3]In *Commonwealth* v. *Paszko*, 391 Mass. 164, 189-190 n.29 (1984), we declined to rule whether the spousal privilege was applicable in grand jury proceedings, but noted, as does the Commonwealth here, that the statute appeared to create a privilege that could be invoked only in a "trial" of a "criminal proceeding against" the witness's spouse. The witness points out that Proposed Mass. R. Evid. 504 (a) (1) would make the spousal privilege applicable in "any criminal proceeding," and thus to grand jury proceedings. However, the Advisory Committee's Note explained that while the proposed rule would extend the privilege to "non-trial settings, such as grand jury proceedings," such an extension would "alter[] present Massachusetts law."

to content of spouse's anticipated testimony). If, as the witness argues, the term "trial" was limited to the trial of an "indictment" or the trial of a "complaint," whereas the privilege was to apply in all phases of any form of "criminal proceeding," the wording and punctuation would need to reflect that limitation (e.g., "in the trial of an indictment or complaint, or in any other criminal proceeding"). The witness's proposed construction, separating "other criminal proceeding" from "trial of an indictment, complaint," would also leave the qualifying term "against the other" applicable only to the immediately preceding term "other criminal proceeding," meaning that any married person would have a privilege not to testify in the "trial of an indictment, complaint," even if that witness's spouse was not a defendant. This would produce an absurd result, and one obviously not intended by the Legislature. In short, both the first four words ("in the trial of") and the last three words ("against the other") apply to and qualify all that comes in between ("an indictment, complaint or other criminal proceeding").

We must also interpret the words of a statute in a manner that avoids rendering any of the words superfluous. *Bynes* v. *School Comm. of Boston*, 411 Mass. 264, 267-268 (1991), and cases cited. If, as the witness contends, the spousal privilege applied in any stage of any criminal proceeding, the words "trial of an indictment, complaint" would be superfluous — criminal trials are obviously "criminal proceeding[s]," and there would be no need to identify them expressly in a statute that conferred a privilege not to testify in any "criminal proceeding against" the witness's spouse.

By comparison, none of the statute's terms is rendered superfluous by the Commonwealth's proposed interpretation. Under our present Mass. R. Crim. P. 3, as appearing in 442 Mass. 1502 (2004), criminal prosecutions can only be commenced by way of an indictment or complaint, but that has not always been the case. At the time the spousal privilege was first enacted in 1870,[4] criminal charges had long been brought by way of an

---

[4] In its original version, the spousal privilege provided that "[n]either husband nor wife shall be compelled to be a witness on any trial upon an indictment, complaint or other criminal proceeding, against the other." St. 1870, c. 393, § 1.

information.[5] See *Jones* v. *Robbins*, 8 Gray 329, 342 (1857); *id.* at 359, 367, 368-369 (Merrick, J., dissenting); *Commonwealth* v. *Waterborough*, 5 Mass. 257, 259 (1809). The inclusion of the words "other criminal proceeding," in both the original and the current version of the privilege statute, ensures that the privilege is applicable in all criminal trials, by whatever means the criminal process is initiated. By making the privilege applicable in all criminal trials, however commenced, the statute recognizes the possibility that our own criminal procedures may be modified to permit other methods of bringing criminal charges against a defendant.[6] The reference to "trial of an . . . other criminal proceeding" is therefore not superfluous.

Our interpretation of the spousal privilege in § 20, Second, is reinforced by comparing the wording of that privilege to the wording used elsewhere in § 20. "When the meaning of any particular section or clause of a statute is questioned, it is proper, no doubt, to look into the other parts of the statute." *Commonwealth* v. *Galvin*, 388 Mass. 326, 328 (1983), quoting *Holbrook* v. *Holbrook*, 1 Pick. 248, 250 (1823). The third paragraph provides that "[t]he defendant in the trial of an indictment, complaint or other criminal proceeding shall, at his own request, but not otherwise, be allowed to testify . . . ." Thus, a defendant's right to testify if he so chooses, and a right to decline to testify, is set out with language identical to the spousal privilege ("in the trial of an indictment, complaint or other criminal proceeding"). However, a defendant does not have a right to testify before a grand jury. See *Commonwealth* v. *Gibson*, 368 Mass. 518, 525-526 n.2 (1975); *Commonwealth* v. *Bobilin*, 25 Mass. App. Ct. 410, 413 (1988). See also 4 W.R.

---

[5]An "information" is a charging document signed and filed by the prosecuting attorney. See Black's Law Dictionary 795 (8th ed. 2004); 42 C.J.S. Indictments and Informations §§ 8, 60-67 (1991); Fed. R. Crim. P. 7(c)(1) (2005).

[6]In other jurisdictions, various methods of commencing a prosecution are still employed, and are not limited to indictment or complaint. See, e.g., Fed. R. Crim P. 58(b)(1) (2005) (misdemeanors may be prosecuted by way of "indictment, information, or complaint"; charge of petty offense may be brought by way of "citation or violation notice"); 4 W.R. LaFave, J.H. Israel & N.J. King, Criminal Procedure § 14.2(d), at 133-134 (1999) (almost two-thirds of States allow felony prosecutions to be commenced by filing information).

LaFave, J.H. Israel & N.J. King, Criminal Procedure § 15.2(c), at 265 (1999) (most jurisdictions give grand jury "absolute discretionary authority" to decline prospective defendant's request to testify). Moreover, any witness, including a suspect or target, may be required to appear before a grand jury, allowed only to interpose the right against self-incrimination in response to questioning. See *Commonwealth* v. *D'Amour*, 428 Mass. 725, 741-743 (1999) (rejecting argument that potential defendant entitled to target warning before deciding whether to testify or assert privilege against self-incrimination before grand jury); *Commonwealth* v. *Borans*, 379 Mass. 117, 138-139 & n.19 (1979); *Commonwealth* v. *D'Alessio*, 4 Mass. App. Ct. 851 (1976); K.B. Smith, Criminal Practice and Procedure § 797, at 478 (2d ed. 1983); 1 S.S. Beale, W.C. Bryson, J.E. Felman & M.J. Elston, Grand Jury Law and Practice § 6:23 (2d ed. 2005) (noting that most jurisdictions allow prosecutor to call suspect as grand jury witness). See also *Gambale* v. *Commonwealth*, 355 Mass. 394, 395 (1969); *Murphy* v. *Commonwealth*, 354 Mass. 81, 82 (1968). Nothing in § 20, Third, effects any change in this aspect of grand jury practice. See *Commonwealth* v. *Smith*, 163 Mass. 411, 430, 432 (1895) (predecessor statute granting defendant right to testify "at his own request, but not otherwise" at "trial of all indictments, complaints, and other proceedings against persons charged with the commission of crimes or offences" did not apply before grand jury; defendant, as "involuntary witness" before grand jury, allowed to exercise right against self-incrimination under art. 12 of the Massachusetts Declaration of Rights). Where the statutory rights outlined in § 20, Third, do not pertain to grand jury proceedings, the identical language in § 20, Second, should not be read to extend to grand jury proceedings.

By comparison, when the Legislature intended that any witness disqualification or privilege apply to grand jury proceedings, it said so explicitly. Under the fourth paragraph of § 20, a minor child living with a parent is disqualified from testifying against that parent if the victim is not a member of the family and does not reside in the household. That disqualification precludes the child from testifying "before a grand jury, trial of an indictment, complaint or other criminal proceeding, against said parent." § 20, Fourth.

The witness argues that, for purposes of interpreting the spousal privilege, we should ignore the Legislature's express use of the term "before a grand jury" in the fourth paragraph because the fourth paragraph was not enacted until 1986 (St. 1986, c. 145), more than one hundred years after the enactment of the original version of the spousal privilege (St. 1870, c. 393, § 1). The fourth paragraph was added to § 20 in response to this court's decision in *Three Juveniles* v. *Commonwealth*, 390 Mass. 357 (1983), where a sharply divided court declined to recognize a privilege that would allow a child to refuse to testify against a parent. See *Matter of a Grand Jury Investigation*, 443 Mass. 20, 23 (2004); *Matter of a Grand Jury Subpoena*, 430 Mass. 590, 592-593 (2000). In *Three Juveniles* v. *Commonwealth, supra,* the issue of a child-parent privilege had come before the court following the denial of the children's motion to quash the grand jury subpoenas, and the case thus brought to the Legislature's attention both the general issue whether to enact some form of child-parent privilege and the specific issue whether any such privilege should apply in grand jury proceedings.

The Legislature's response was to create a rule of disqualification, to place it in the same section with the spousal privilege, and to adopt language identical to the spousal privilege of the second paragraph (and the defendant's privilege in the third paragraph), with the notable addition of the reference to the grand jury. Without regard to how many years elapsed between the adoption of the spousal privilege in the second paragraph and the child disqualification in the fourth paragraph, it is readily apparent that the Legislature modeled the fourth paragraph on the wording of two other paragraphs in the same section, yet opted to reference the grand jury only in the new fourth paragraph without making any change to the other paragraphs. If, as the witness now contends, the Legislature thought that the language of the second and third paragraphs already encompassed grand jury proceedings, it would not have needed to add the express reference to the grand jury in the fourth paragraph. Conversely, when the Legislature was looking at the language of the second and third paragraphs to use as its model, if it thought that those privileges should also extend to

grand jury proceedings, it would presumably have said so. The Legislature's express inclusion of grand jury proceedings in the fourth paragraph, while leaving the second and third paragraphs' otherwise identical language unchanged, indicates that the phrase "in the trial of an indictment, complaint or other criminal proceeding" does not refer to proceedings before a grand jury.

The witness argues that interpreting the statute in a manner that deprives a spouse of the privilege before the grand jury would be contrary to the Legislature's evident intent to protect the marital relationship, and would lead to "an absurd and unreasonable" result. See *North Shore Realty Trust* v. *Commonwealth*, 434 Mass. 109, 112 (2001), and cases cited. While the purpose of the privilege is to protect the marital relationship, that purpose is nevertheless offset by other values that the Legislature also sought to protect. For example, notwithstanding the importance of the marital relationship, the Legislature decided that the potential need for a spouse's testimony in child abuse cases outweighed that interest, and specified that the privilege would not be applicable at all in such proceedings. G. L. c. 233, § 20, Second.[7] In declining to create evidentiary privileges based on family relationships, we have recognized that the competing interests at stake — preservation of the family on one side, and the needs of the justice system on the other — are both strong, and that the balance to be struck between them is a delicate one, best left to the Legislature. See *Matter of a Grand Jury Subpoena, supra* at 597-600. In establishing the precise contours of a privilege, the Legislature does not proceed with a single-minded determination to protect the interests of the privilege holder at all costs, but instead undertakes the difficult task of deciding when the privilege holder's interests must yield to the truth-seeking function of our justice system.

Contrary to the witness's argument, there is nothing absurd or unreasonable in a determination that the grand jury's need for information outweighs the spouse's interest in not testifying. Under § 20, Second, the scope of the privilege itself is broad — the witness has a privilege not just to withhold testimony

---

[7] In similar fashion, the Legislature has made a lengthy list of exceptions, based on the type of case, to the protection otherwise accorded to private communications between spouses. G. L. c. 233, § 20, First.

that would be adverse to the spouse, but a privilege not to testify at all. *Commonwealth* v. *Maillet*, 400 Mass. 572, 576-578 (1987). As such, the witness can withhold all evidence that he or she has, whether it is inculpatory of the spouse, exculpatory of the spouse, or has only to do with persons other than the spouse. Given the breadth of the privilege, the Legislature could reasonably decide that depriving the grand jury of all information a suspect's spouse might have was too high a price to pay. (For example, if applicable to grand jury proceedings, the privilege would deprive the grand jury of the witness's information about other suspected perpetrators or coventurers, even though the witness would have no privilege not to testify at the trial of other defendants.)

And, in weighing the damage to the marital relationship that would flow from requiring a spouse to testify before the grand jury, the Legislature could also consider that testimony before a grand jury is not public, the witness's spouse is not physically present, the witness would not be subject to cross-examination, and the outcome of the proceedings could result at most in an indictment based on probable cause, still requiring the Commonwealth at trial to prove the defendant's guilt beyond a reasonable doubt without the spouse's testimony. By comparison, requiring a spouse to testify at the trial of the other spouse would potentially be more damaging to the marital relationship — the witness would have to testify in public and in front of his or her spouse, the witness would be subject to cross-examination, the relationship between the spouses could itself be the subject of questioning by both sides and the subject of counsel's arguments (again, all in public), and the proceeding would provide the definitive resolution of the charge and thereby lead directly to punishment of the convicted spouse.

In short, establishing the appropriate nature and scope of a privilege protecting family relationships is not a simplistic or lopsided process that automatically favors those family relationships at any price. It is precisely because the balancing of these competing interests is so difficult and must take into account so many factors, and because reasonable minds would likely differ as to where the lines should be drawn, that we have normally left the creation and delineation of privileges to the Legislature.

See *Matter of a Grand Jury Subpoena, supra; Three Juveniles* v. *Commonwealth*, 390 Mass. 357, 360 (1983). We reject the witness's argument that the Legislature could not have differentiated between testimony at trial and testimony before the grand jury when it struck its balance between protecting marital harmony and promoting the truth-seeking function of the criminal justice system.[8]

The witness's other arguments need not detain us long. The witness contends that, if forced to testify before a grand jury, a spouse will later be confronted with the claim that he or she has waived the spousal privilege. Our interpretation raises no such specter of waiver — if there is no privilege not to testify before a grand jury, then no privilege has been waived by giving such testimony. The witness also argues that, if the spousal privilege only applies at "trial," the privilege will be unavailable at various pretrial proceedings (e.g., at evidentiary hearings on motions to suppress, or at dangerousness hearings pursuant to G. L. c. 276, § 58A). The Commonwealth has countered that

---

[8]Not surprisingly, there is an array of differing responses to questions concerning the appropriate formulation of a spousal privilege. Some jurisdictions apply their spousal privilege to grand jury proceedings, either by express reference to the grand jury or by the use of broad terminology that would encompass the grand jury. See, e.g., Fed. R. Evid. 1101(c) and (d)(2) (2005) (making all privileges applicable to grand jury proceedings); *Dunn* v. *Superior Court*, 21 Cal. App. 4th 721, 723 n.2 (1993); *State* v. *Smith*, 237 Ga. 647, 647-648 (1976); N.C. Gen. Stat. § 8-57(b) (2005) (State cannot compel witness to testify against spouse "in any criminal action or grand jury proceedings"). Other statutes, like ours, use wording that limits the privilege to the "trial" of the spouse. See Md. Code Ann., Cts. & Jud. Proc. § 9-106(a) (2002) ("spouse of a person on trial for a crime may not be compelled to testify as an adverse witness"). Beyond the issue where the privilege applies, there is also variation as to the scope of the privilege itself. Some limit the privilege to testimony that would be adverse to the spouse, see *In re Grand Jury*, 111 F.3d 1083, 1087 (3d Cir. 1997), or protect the witness from being called to testify "against" the spouse, see Cal. Evid. Code § 970 (1995) ("Except as otherwise provided by statute, a married person has a privilege not to testify against his spouse in any proceeding"). Others state the privilege as broadly as we do, preventing both the prosecution and the defendant from compelling the spouse to testify at all. See Ga. Code Ann. § 24-9-23 (1995) ("Husband and wife shall be competent but not compellable to give evidence in any criminal proceeding for or against each other"). That some other jurisdictions make their version of the spousal privilege applicable to grand jury proceedings does not make it absurd or unreasonable to interpret our statute as inapplicable to grand jury proceedings.

argument by suggesting that at least some pretrial proceedings are sufficiently linked to the "trial," or share certain attributes of a "trial," that the privilege could extend to those pretrial proceedings. For purposes of the present case, we need not decide whether, or to what extent, the spousal privilege may be invoked in pretrial (or posttrial) proceedings. We are confronted today with the sole question whether the spousal privilege may be invoked before the grand jury. As to that question, we have determined that it cannot. Applications of the spousal privilege in contexts other than the defendant spouse's actual trial must await an appropriate case on an appropriate record.

3. *Conclusion.* For the foregoing reasons, the judgment of the single justice denying relief under G. L. c. 211, § 3, is reversed, and a judgment shall enter in the county court vacating the Superior Court judge's order quashing the subpoena.

*So ordered.*