NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12269


COMMONWEALTH  vs.  PAUL MUCKLE.


October 6, 2017.


Intimidation of Witness.  District Court, Jurisdiction.  Boston
     Municipal Court.  Practice, Criminal, Sentence, Mittimus.



     Paul Muckle was convicted in the Boston Municipal Court
Department (BMC) of intimidating a person furthering a court
proceeding, see G. L. c. 268, § 13B, and other offenses.  The
alleged victim of Muckle's intimidation was opposing counsel in
a civil action commenced by Muckle in Federal court.  His
posttrial motion to vacate the intimidation conviction was
allowed, and that charge was dismissed for lack of jurisdiction
in the BMC.  On the parties' cross appeals, the Appeals Court
reversed the dismissal of the intimidation charge and affirmed
the convictions.  Commonwealth v. Muckle, 90 Mass. App. Ct. 384
(2016).  A dissenting Justice would have affirmed the dismissal.
See id. at 397-402 (Rubin, J., dissenting in part and concurring
in part).  We granted Muckle's application for further appellate
review, 476 Mass. 1111 (2017), limited to the issue of whether,
under G. L. c. 218, § 26, the BMC and the District Court have
jurisdiction over prosecutions under G. L. c. 268, § 13B, for
intimidation of persons other than a witness or juror.  For
essentially the reasons stated by the dissenting Appeals Court
Justice, we conclude that such jurisdiction was absent.  We
therefore affirm the order dismissing the intimidation charge.

     The underlying facts of the case are fully set forth in the
Appeals Court's opinion and need not be repeated here.  Muckle,
90 Mass. App. Ct. at 385-387.  Before us is a purely legal
question concerning the correct interpretation of G. L. c. 218,

§ 26.[1]  We begin with the "general and familiar rule . . . that a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished."  Meikle v. Nurse, 474 Mass. 207, 209-210 (2016), quoting Lowery v. Klemm, 446 Mass. 572, 576-577 (2006).  The statute at issue provides that the BMC and the District Court have jurisdiction, concurrent with the Superior Court, over numerous offenses, including "intimidation of a witness or juror under [G. L. c. 268, § 13B]."  G. L. c. 218, § 26.  General Laws c. 268, § 13B, in turn, prohibits intimidation not only of a witness or juror, but also of "a judge . . . , prosecutor,

---

[1] In full, G. L. c. 218, § 26, provides:

"The district courts and divisions of the Boston municipal court department shall have original jurisdiction, concurrent with the superior court, of the following offenses, complaint of which shall be brought in the court of the district court department, or in the Boston municipal court department, as the case may be, within which judicial district the offense was allegedly committed or is otherwise made punishable: —- all violations of by-laws, orders, ordinances, rules and regulations, made by cities, towns and public officers, all misdemeanors, except libels, all felonies punishable by imprisonment in the state prison for not more than five-years, the crimes listed in [G. L. c. 90B, § 8 (a) (1); G. L. c. 90, §§ 24 (1) (a) (1), 24G (a), and 24L (1); G. L. c. 94C, §§ 32 (a) and 32A (a); G. L. c. 94C, § 32J; G. L. c. 127, § 38B; G. L. c. 140, § 131E; G. L. c. 265, §§ 13K, 15A, 15D, 21A, and 26; and G. L. c. 266, §§ 16, 17, 18, 19, 28, 30, 49, and 127; and G. L. c. 273, §§ 1, 15, and 15A], and the crimes of malicious destruction of personal property under [G. L. c. 266, § 127], indecent assault and battery on a child under fourteen years of age, intimidation of a witness or juror under [G. L. c. 268, § 13B], escape or attempt to escape from any penal institution, forgery of a promissory note, or of an order for money or other property, and of uttering as true such a forged note or order, knowing the same to be forged.  They shall have jurisdiction of proceedings referred to them under the provisions of [G. L. c. 211, § 4A]."  (Emphasis added.)

police officer, federal agent, investigator, defense attorney, clerk, court officer, probation officer or parole officer," as well as other persons involved in court proceedings and criminal investigations.  G. L. c. 268, § 13B (1) (c) (i)-(v).[2]  The

---

[2] General Laws c. 268, § 13B, provides, in relevant part:

"(1) Whoever, directly or indirectly, willfully

"(a) threatens, or attempts or causes physical injury, emotional injury, economic injury or property damage to;

"(b) conveys a gift, offer or promise of anything of value to; or

"(c) misleads, intimidates or harasses another person who is:

"(i) a witness or potential witness at any stage of a criminal investigation, grand jury proceeding, trial or other criminal proceeding of any type;

"(ii) a person who is or was aware of information, records, documents or objects that relate to a violation of a criminal statute, or a violation of conditions of probation, parole or bail;

"(iii) a judge, juror, grand juror, prosecutor, police officer, federal agent, investigator, defense attorney, clerk, court officer, probation officer or parole officer;

"(iv) a person who is furthering a civil or criminal proceeding, including criminal investigation, grand jury proceeding, trial, other criminal proceeding of any type, probate and family proceeding, juvenile proceeding, housing proceeding, land proceeding, clerk's hearing, court ordered mediation, any other civil proceeding of any type; or

"(v) a person who is or was attending or had made known his intention to attend a civil or criminal proceeding, including criminal investigation, grand jury proceeding, trial, other criminal proceeding of any type, probate and family proceeding, juvenile proceeding, housing proceeding, land proceeding, clerk's hearing, court-ordered mediation, any other civil proceeding of any type with the intent to impede, obstruct, delay, harm, punish or otherwise interfere thereby, or do so with reckless

jurisdiction statute, G. L. c. 218, § 26, does not mention any of these other potential victims, nor does it contain any "catchall" language that would include them (such as "intimidation of a witness, juror, or any other person under" § 13B).  Under the maxim, "expressio unius est exclusio alterius", the express inclusion of witnesses and jurors excludes all other persons listed in § 13B (1) (c) who are not expressly included.  See, e.g., Skawski v. Greenfield Investors Prop. Dev. LLC, 473 Mass. 580, 588 (2016) ("the expression of one thing in a statute is an implied exclusion of other things not included in the statute").  The plain language of G. L. c. 218, § 26, thus confers jurisdiction in the BMC and the District Court over intimidation of a witness or juror, but not over intimidation of any other person.

Our interpretation of this provision in G. L. c. 218, § 26, is reinforced by other provisions in the same statute.  See Matter of a Grand Jury Subpoena, 447 Mass. 88, 93 (2006), quoting Commonwealth v. Galvin, 388 Mass. 326, 328 (1983) ("When the meaning of any particular section or clause of a statute is questioned, it is proper, no doubt, to look into the other parts of the statute").  Elsewhere in § 26, the Legislature conferred jurisdiction in the BMC and the District Court over "the crimes listed in" several statutes listed solely by citation, without further description.  Had the Legislature intended, as the Appeals Court ruled, to confer jurisdiction over all offenses defined in § 13B, it presumably would have simply included § 13B in that list.[3]  It did not do so.  Rather, the jurisdiction

_____

disregard, with such a proceeding shall be punished by imprisonment in a jail or house of correction for not more than [two] and one-half years or by imprisonment in a [S]tate prison for not more than [ten] years, or by a fine of not less than $1,000 nor more than $5,000, or by both such fine and imprisonment."

[3] According to the dissenting Appeals Court Justice, the Legislature considered doing exactly that.  See Commonwealth v. Muckle, 90 Mass. App. Ct. 384, 399-400 (2016) (Rubin, J., dissenting in part and concurring in part).  The language with which we are concerned was added by St. 1996, c. 393.  The original version of the bill that ultimately became that law would have inserted a citation to G. L. c. 268, § 13B, into the list of crimes identified solely by statute.  If that version of the bill had become law, c. 218, § 26, would have conferred jurisdiction in the BMC and the District Court over all crimes listed in § 13B.  During the legislative process, however, the

statute does not cite § 13B by chapter and section number only, but identifies a subset of the offenses defined therein, namely, intimidation of a witness and intimidation of a juror. It is apparent that the Legislature did not intend to include all offenses defined by § 13B within the jurisdictional statute. Indeed, the Appeals Court's interpretation would render the language "intimidation of a witness or juror" superfluous. Such an interpretation is to be avoided. Matter of a Grand Jury Subpoena, 447 Mass. at 92, citing Bynes v. School Comm. of Boston, 411 Mass. 264, 267-268 (1991).

We note, too, that the Legislature added the phrase "intimidation of a witness or juror under [§ 13B]" in the same act in which it increased the maximum penalty for the crime of intimidation above five years in the State prison. St. 1996, c. 393. Given this increased maximum penalty, the Legislature may well have intended the crime of intimidation to be prosecuted primarily in the Superior Court, but carved out an exception for cases of intimidation of witnesses or jurors. It is plainly the Legislature's prerogative to draw this line after weighing the advantages and disadvantages of doing so. The consequence is simply that cases of intimidation of any person other than a witness or juror must proceed in the Superior Court, not in the BMC or the District Court. We cannot say that this is an absurd or illogical result. Cf. Commonwealth v. Peterson, 476 Mass. 163, 167-169 (2017), and authorities cited ("we do not adhere blindly to a literal reading of a statute if doing so would yield an 'absurd' or 'illogical' result," but "absurd results doctrine must be used sparingly").

In light of our disposition, we must briefly address a sentencing issue. See Muckle, 90 Mass. App. Ct. at 394-395, 401 n.4. Originally, Muckle was sentenced to two years in the house of correction, one year to serve and the balance suspended, on the intimidation charge (count 1), and to suspended house of correction sentences on the remaining convictions. After count 1 was dismissed, the judge vacated the sentence on that conviction and did not modify the sentences on the remaining convictions. The docket sheet and mittimus, however, stated that Muckle was given a committed sentence on one of the remaining counts of the complaint. The Commonwealth concedes

_____

language was amended to include the "intimidation of a witness or juror" language. The Legislature appears to have made a deliberate choice not to include all § 13B offenses in the jurisdiction statute.

that this is inaccurate and that the docket sheet and mittimus must be corrected.

The order dismissing count 1 of the complaint for lack of jurisdiction is affirmed.  The matter is remanded to the Boston Municipal Court for amendment of the docket sheet and mittimus in accordance with this opinion.

So ordered.

Edward C. Gauthier, IV, for the defendant.
Julianne Campbell, Assistant District Attorney, for the Commonwealth.