## BOARD OF REGISTRATION IN MEDICINE *vs.* JOHN DOE.[1]

Suffolk. May 3, 2010. - September 2, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Board of Registration in Medicine. Subpoena. Privileged Communication. Doctor, Privileged communication. Words, "Psychotherapist."*

In an action brought in Superior Court by the Board of Registration in Medicine to enforce a subpoena seeking the treatment records of a doctor under administrative investigation, the judge erred in ruling that the records were not protected by the psychotherapist-patient privilege set forth in G. L. c. 233, § 20B, where the record established that the doctor, a board-certified psychiatrist, spent the majority of his time practicing pain management, a subspecialty of psychiatry, thus qualifying him as a psychotherapist within the meaning of the statute. [743-745]

This court concluded that it was not empowered to extend the exceptions to the statutory privilege to meet the stated need of the Board of Registration in Medicine to examine the records in furtherance of its mission to protect the public safety. [745-746]

CIVIL ACTION commenced in the Superior Court Department on March 10, 2008.

The case was heard by *Charles T. Spurlock*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Paul Cirel* (*Ingrid Martin* with him) for the defendant.

*Daniel J. Hammond*, Assistant Attorney General, for the plaintiff.

*Timothy C. Miller*, for Federation of State Medical Boards of the U.S., Inc., amicus curiae, submitted a brief.

COWIN, J. This case arises out of an investigation by the Board of Registration in Medicine (board) into the treatment practices of John Doe, a board-certified psychiatrist who specializes in pain management. As part of its investigation, the board subpoenaed the treatment records of twenty-four of Doe's patients.

---

[1]A pseudonym. See G. L. c. 112, § 5.

Doe refused to comply with the subpoena, and pursuant to G. L. c. 233, § 10,[2] the board commenced an action to enforce it. A judge in the Superior Court ruled that the records were not protected by the psychotherapist-patient privilege, see G. L. c. 233, § 20B[3] (the statute), and ordered Doe to produce them. Doe appealed and we transferred the case on our own motion.

Doe contends that the subpoenaed records are protected by the psychotherapist-patient privilege set out in G. L. c. 233, § 20B. The board argues that the privilege does not apply because Doe does not meet the qualifications of a "psychotherapist" as defined by the statute. The board maintains that Doe devotes most of his time to pain management. Because pain management is not the practice of psychiatry, the argument goes, Doe does not devote a substantial amount of time to the practice of psychiatry as required by the statute. In the alternative, the board contends that, even if Doe is a psychotherapist as defined by the statute, the records must be produced in this case because the board's compelling need to examine the records in furtherance of its mission to protect the public safety outweighs the confidentiality interests protected by the privilege. The record establishes that pain management is a subspecialty of psychiatry; consequently, Doe devotes a substantial amount of time to the practice of psychiatry. Thus, we conclude that Doe is a psychotherapist within the meaning of the statute. In addition, we conclude that the psychotherapist-patient privilege statute does not permit a weighing of the public interest against the interests

[2]General Laws c. 233, § 10, provides, "A justice of the supreme judicial or superior court, upon application of a tribunal authorized to summon but not to compel the attendance of witnesses and the giving of testimony before it, may, in his discretion, compel the attendance of such witnesses and the giving of testimony before any such tribunal, in the same manner and to the same extent as before said courts."

[3]General Laws c. 233, § 20B, provides in relevant part that "in any court proceeding and in any proceeding preliminary thereto and in legislative and administrative proceedings, a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient's medical or emotional condition."

The statute defines a psychotherapist as "a person licensed to practice medicine, who devotes a substantial portion of his time to the practice of psychiatry." The statute sets forth additional ways in which a person may qualify as a psychiatrist, none of which is at issue in this case.

protected by the privilege. We therefore vacate the judgment stating that Doe is not a psychotherapist and ordering him to produce the records, and remand to the Superior Court for entry of an order quashing the subpoena.

1. *Facts and procedural history.* We summarize the uncontested facts in the record. Doe is a physician licensed to practice medicine in the Commonwealth. He is board certified in psychiatry by the American Board of Medical Specialities[4] and lists both psychiatry and pain management as his specialty areas of practice. In his 2004 registration renewal application submitted to the board, Doe stated that he practices pain management eleven hours per week and psychiatry nine hours per week. In his 2006 registration renewal application,[5] Doe indicated that he has decreased the number of hours per week that he practices, but he did not indicate any change in the apportionment of his practice between pain management and psychiatry.

The allegations against Doe and the details of the board's subsequent investigation are summarized in an affidavit of an investigator employed by the board. In 2007, the board received a report from a physician who had been approached by one of Doe's patients (patient A) about obtaining narcotics detoxification treatment. According to the report, the physician contacted Doe to confirm the medications Doe prescribed for patient A, as well as the bases for Doe's diagnosis of the patient's condition. It appeared to the physician that Doe himself was impaired: he could not verify the diagnosis of his patient, explain the medications he had prescribed, or comprehend the physician's questions. The physician notified the board of his concern regarding Doe.

In response, the board's investigator reviewed pharmacy records of medications prescribed by Doe. Her examination of the prescription records of 205 of Doe's patients revealed that eighty-one per cent of the patients had been prescribed oxy-

---

[4]The American Board of Medical Specialities is a national organization that tests physicians' knowledge in their fields of specialty. With its member boards, it develops standards for the certification of specialist physicians. The Board of Registration in Medicine (board) requires physicians to provide their American Board of Medical Specialties board certifications, if any, in their registration materials and includes this information in the physician profiles that the board makes available to the public.

[5]Physicians are required to renew their registration with the board every two years. See G. L. c. 112, § 2.

codone, seventy-eight per cent had been prescribed diazepam (marketed under the brand name Valium), and seventy-seven per cent had been prescribed both oxycodone and diazepam. The records showed also that Doe may have issued prescriptions of Schedule II substances for two persons who may have been members of his household.[6]

In 2008, the investigator wrote to Doe requesting an interview and seeking the medical records of patient A and twenty-three other patients. Doe appeared for the interview and produced the records of patient A only. Doe stated that he believed that he could disclose patient A's records because patient A had violated a pain management agreement with Doe.[7] Doe asserted that patient confidentiality prohibited him from disclosing the remaining records.

In her affidavit submitted to the Superior Court in connection with the board's motion to enforce the subpoena, the investigator stated that Doe described his practice as focusing primarily on pain management and that he practices psychotherapy fewer than five hours per week. In addition, Doe discussed some of the details of his practice. The investigator's affidavit stated that Doe asserted that he accepts payment in cash only, does not receive insurance payments, accepts only patients referred by other patients, and holds open office hours rather than scheduling appointments. Additionally, Doe asks patients to draw pictures and questions them regarding their favorite films and colors and uses the answers in assessing their medical conditions. Doe maintains that he treats patients in accordance with the standard practices of modern psychiatry by utilizing talk therapy, medications, and instruction on relaxation techniques.

After Doe's interview with the investigator, the board served Doe with a subpoena duces tecum demanding the production of the records of the twenty-four patients.[8] As stated, when Doe

[6]Physicians are prohibited from prescribing Schedule II controlled substances to members of their households except in emergencies. See 243 Code Mass. Regs. § 2.07(19) (2005).

[7]Patient A signed a pain management agreement prohibiting him from attempting to obtain "controlled medicines" from any physician other than Doe. Patient A had informed the physician who reported Doe to the board that patient A had received pain medication from a source other than Doe.

[8]Because the names of the patients whose records were the subject of the

refused to comply, the board filed an action in the Superior Court to enforce the subpoena. See G. L. c. 233, § 10. In response, Doe argued, inter alia, that the records are protected by the psychotherapist-patient privilege, see G. L. c. 233, § 20B, and the Massachusetts common law of privacy, see *Alberts* v. *Devine*, 395 Mass. 59, 67-68 (1985). In addition, Doe sought an evidentiary hearing to challenge the assertions in the investigator's affidavit and to "learn the purpose of her investigation." Doe subpoenaed the investigator and all records relating to the board's investigation of Doe.

After a nonevidentiary hearing, a judge in the Superior Court concluded that Doe was not a "psychotherapist" within the meaning of G. L. c. 233, § 20B, held that the privilege did not apply in this case, and ordered Doe to produce the subpoenaed records. In addition, the judge allowed the board's motion to quash the subpoenas issued by Doe. Doe's subsequent motion for reconsideration was denied.[9] Doe appealed, and the judge stayed execution of the judgment pending appeal.[10]

2. *Standard of review.* Interpretation of a privilege statute constitutes a question of law. See *Matter of a Grand Jury Subpoena*, 447 Mass. 88, 90 (2006). We review these questions de novo. See *Commissioner of Revenue* v. *Comcast Corp.*, 453 Mass. 293, 302 (2009). Generally, we review factual findings for clear error. *Id.* However, where factual findings are based solely on documentary evidence, they receive no special deference. See *id.*

---

subpoena were redacted, it is unclear whether patient A is one of the twenty-four patients listed on the subpoena. Statements of the parties indicate that patient A was one of the patients listed.

[9]Although there was no trial in this case, Doe's motion was entitled "Defendant's Motion For a New Trial or For Reconsideration." The judge treated the motion as one for reconsideration.

[10]General Laws c. 233, § 10, permits administrative agencies to enforce subpoenas by bringing an action in the Superior Court. See note 2, *supra*. The board did so in this case. After the matter was decided against him and after his motion for reconsideration had been denied, Doe moved for the entry of final judgment on the ground that the rights of the parties had been adjudicated fully. This motion was allowed and final judgment entered. Entry of final judgment was proper because the order requiring Doe to produce the records resolved whether the subpoenas would be enforced. See *Gonzalez* v. *Spates*, 54 Mass. App. Ct. 438, 443 (2002), quoting Mass. R. Civ. P. 54 (a), 365 Mass. 820 (1974) ("act of the trial court finally adjudicating the rights of the parties" is final judgment).

3. *Discussion.* a. *The psychotherapist-patient privilege.* As stated, the Legislature has enacted a statutory privilege protecting certain communications between psychotherapists and their patients.[11] General Laws c. 233, § 20B, provides that the privilege applies "in any court proceeding and in any proceeding preliminary thereto and in legislative and administrative proceedings." Because the statute by its terms applies to "administrative proceedings," the privilege applies to the board's investigation of Doe.[12] We limit our consideration to the situation in this case (an administrative investigation preliminary to the possible filing of a statement of allegations), and do not inquire into the reach of the privilege statute, or the six exceptions set forth therein, in subsequent proceedings such as those that attach in the event that a license revocation case is actually commenced.

b. *Statutory definition of "psychotherapist."* General Laws c. 233, § 20B, sets forth two requirements that a physician must meet in order to qualify as a psychotherapist within the meaning of the statute. First, a physician must be "licensed to practice medicine." *Id.* Second, a physician must also "devote[] a substantial portion of his time to the practice of psychiatry." *Id.* See note 3, *supra.* The first requirement is not at issue in this case because it is undisputed that Doe is licensed by the board to practice medicine in the Commonwealth. Thus, the only question is whether Doe meets the second requirement by devoting a substantial portion of his time to the practice of psychiatry.

Before the Superior Court, the board argued that the practice

[11]Although the privilege belongs to the patient, not the psychotherapist, the psychotherapist may assert the privilege on behalf of a patient, who may have no effective means of doing so. See *Commonwealth* v. *Kobrin*, 395 Mass. 284, 287 n.8 (1985). In this case, there is nothing in the record indicating that the patients were informed of the subpoena or that they were afforded an opportunity to invoke or waive the privilege. Thus, Doe has standing to assert the privilege on their behalf at this stage of the proceedings.

[12]At oral argument, the board contended that the privilege statute does not apply because the board's investigation of Doe did not constitute an administrative proceeding. It argued that, in the context of physician discipline, an administrative proceeding does not commence until a statement of allegations is filed. See 243 Code Mass. Regs. §§ 1.01(2), 1.04 (1993). The board did not make this argument in its brief; therefore, it is waived. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

of pain management does not constitute the practice of psychiatry. In a memorandum of decision and order, the judge concluded that, because Doe "does not satisfy the 'substantial portion' requirement of G. L. c. 233, § 20B," he does not qualify as a psychotherapist. Whether pain management is a subspecialty of psychiatry is a question of fact. While the judge did not make explicit findings on the question, his determination that Doe does not devote a substantial amount of his time to the practice of psychiatry implicitly assumes a finding that pain management is not a subspecialty of psychiatry.

The parties agree that Doe spends the majority of his time practicing pain management. Although the board contested below whether pain management constitutes the practice of psychiatry, at oral argument before us the board conceded that pain management is a subspecialty of psychiatry, but stated that it is also a subspecialty of neurology and internal medicine. That pain management may be a subspecialty of other fields in addition to psychiatry is irrelevant, and the board's appropriate concession resolves the issue. Because it is now agreed that the practice of pain management is a subspecialty of psychiatry, it is evident that Doe's entire medical practice consists of the practice of psychiatry.[13] Accordingly, Doe satisfies both conditions set forth in the statute and qualifies as a psychotherapist.[14]

Doe contends also that he was entitled to an evidentiary hearing to cross-examine the board's witnesses and present evidence

---

[13]Other evidence in the record supports the conclusion that the practice of pain management constitutes the practice of psychiatry. The American Psychiatric Association recognizes that "[p]sychological factors . . . play a significant role in the onset, severity, exacerbation, or maintenance" of pain. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 458 (4th ed. 2000). The American Board of Psychiatry and Neurology recognizes "pain medicine" as a subspecialty of psychiatry. See note 4, *supra*. The American Psychiatric Association document was submitted by Doe as an exhibit attached to his opposition to the plaintiff's application for relief under G. L. c. 233, § 10, and documentation that the American Board of Psychiatry and Neurology recognizes "pain medicine" as a subspecialty of psychiatry was submitted by Doe as an exhibit attached to his motion for reconsideration. Nothing in the record indicates that the board objected to the consideration of these materials.

[14]Doe asks us to determine that a board-certified psychiatrist automatically qualifies as a psychotherapist as defined by G. L. c. 233, § 20B. Because we conclude that Doe himself qualifies as a psychotherapist, we have no need to reach the issue.

of the extent to which his practice constitutes psychiatry. Because the judge did not hold an evidentiary hearing, his decision was based on affidavits submitted by the parties and exhibits attached thereto. Although Doe did not state specifically that he objected to this evidence, he did make clear that he wanted an opportunity to counter the board's evidence and cross-examine the board's witnesses. He was entitled to such an opportunity. While we agree that, in this case, an evidentiary hearing should have been held to allow Doe to present evidence establishing that he is a psychotherapist, the board's concession and the evidence in the record, see note 13, *supra*, are sufficient to establish that Doe devotes a substantial portion of his time to the practice of psychiatry.

c. *Public interest in abrogating the privilege.* The board argues that it is charged with protecting the public by investigating allegations of physicians' illegal prescribing practices. It contends that, even if Doe is a psychotherapist, the psychotherapist-patient privilege must give way to the board's need to review the records in furtherance of that compelling purpose.

Creation of an exception to a statutory privilege is for the Legislature. See *Petition of Catholic Charitable Bur. of the Archdiocese of Boston, Inc., to Dispense with Consent to Adoption*, 392 Mass. 738, 742 (1984). Presumably, the Legislature has considered the public interest to the extent it deems necessary. See G. L. c. 233, § 20B (*e*) (psychotherapist-patient privilege does not apply to child custody or adoption proceedings if judge finds that it is more important for psychotherapist's evidence to be disclosed than to preserve confidential relationship). See also G. L. c. 111, § 72G (psychotherapist-patient privilege does not apply in civil litigation arising out of reports of abuse or mistreatment of patients and residents of health care facilities); G. L. c. 119, § 51A (*j*) (psychotherapist-patient privilege does not apply to reports of suspected child abuse or neglect). In these enumerated circumstances the Legislature has abrogated the privilege. The board asks us to extend the exceptions beyond what the Legislature enacted. We are not empowered to do so.

Although in criminal cases we have sometimes permitted the production of privileged material, we have done so because the

confidentiality interests underlying a statutory privilege must yield to a criminal defendant's constitutional right to present relevant evidence. See *Commonwealth* v. *Dwyer*, 448 Mass. 122, 143 (2006). There is obviously a conflict between the confidentiality interest underlying the psychotherapist-patient privilege and the board's need to obtain medical records in the course of its investigations. The Legislature has resolved that conflict in favor of confidentiality by declining to enact a statutory exception to the privilege for board investigations into physician misconduct. With no constitutional considerations implicated, we accept the legislative judgment.

The board argues that *Commonwealth* v. *Kobrin*, 395 Mass. 284 (1985), stands for the proposition that the psychotherapist-patient privilege yields when the public interest in disclosure outweighs the privacy interest protected by the privilege. In that case, we addressed whether the privilege set forth in G. L. c. 233, § 20B, conflicts with Federal and State statutes requiring Medicaid providers to maintain certain records for audit and inspection. See *id.* at 288-290. We concluded that, in those circumstances, it was not necessary to resolve any conflict because the records necessary to the Medicaid fraud investigation could be produced without disclosing any confidential communications between the physician being investigated and his or her patients. See *id.* at 292-293. Thus, in that case, we did not hold that privileged communications could be produced whenever the public interest outweighed the interests underlying the privilege. We permitted the release only of those portions of the physician's records that showed the dates and duration of services, diagnosis, and the objective results of physical tests such as blood tests; this information was sufficient for purposes of the investigation into whether there had been fraud in Medicaid billing. We held that the Commonwealth could not compel production of the patients' conversations with the psychotherapist. See *id.* at 294-295. As stated, by declining to enact an exception to G. L. c. 233, § 20B, abrogating the privilege in investigations of physician misconduct, the Legislature has concluded that the privilege applies to such investigations even when there is a strong public interest in disclosure.

d. *Other grounds for prohibiting disclosure.* Doe contends also that the subpoenaed records are protected from disclosure on grounds separate from the psychotherapist-patient privilege. He argues that Massachusetts privacy law prohibits disclosure of the records, see *Alberts* v. *Devine,* 395 Mass. 59, 67-68 (1985), and that the subpoena is invalid on other grounds. Because we determine that the records are protected by the psychotherapist-patient privilege, we need not reach these issues.

4. *Conclusion.* The judgment of the Superior Court stating that Doe is not a psychotherapist and ordering Doe to produce the subpoenaed records is vacated. The case is remanded to the Superior Court where an order shall enter quashing the subpoena issued by the board.[15]

*So ordered.*

---

[15]Doe appealed also from the Superior Court judge's allowance of the board's motion to quash the subpoenas Doe issued seeking the board's and the investigator's records pertaining to the investigation of Doe. Because we have decided that the board's subpoena must be quashed, we take no action on the Superior Court judge's allowance of the motion to quash the subpoenas issued by Doe.