The plaintiff, Astrid A. Zelaya Flores, appeals from the portion of the "partial judgment" that declined to make one of the findings necessary for her minor daughter to apply for special immigrant juvenile (SIJ) status under 8 U.S.C. § 1101(a)(27)(J) (2012).
Background. In June, 2016, Flores filed in the Probate and Family Court a complaint for child support, custody, special findings of fact, and rulings of law.[2] She simultaneously filed a separate motion for special findings. In the attached affidavit, Flores alleged as follows. The daughter was born in Honduras in 2008 to Flores and the defendant. The couple cared for the child for approximately two years, until their relationship deteriorated because of the defendant's abusive behavior. In 2011, following threats from gangs, Flores fled Honduras for the United States, leaving the child in the care of Flores's grandmother. The defendant moved to the United States shortly thereafter. Flores sent her grandmother money and clothing for the child and stayed in regular communication. By contrast, since arriving in the United States the defendant has not communicated with the child or contributed to her needs.
Approximately two years later, Flores's grandmother died, and Flores determined that she should bring the child to the United States because she lacked an adequate caretaker in Honduras. Flores asked for the defendant's help, but he refused. When the child entered the United States in April, 2014, "immigration officials" apprehended and detained her. After a social worker contacted Flores, she asked the defendant to help make arrangements to be reunited with the child, but again he refused. The defendant has not visited his daughter or provided any financial support since the child arrived in the United States.
Following a hearing, the judge entered a partial judgment dated November 28, 2016, awarding custody to Flores and bifurcating the case for trial on the issue of child support. The judge also issued SIJ special findings dated November 29, 2016. The judge declared the child to be dependent on the court and determined it would not be in her best interest to return to Honduras. However, the judge declined to find that the defendant neglected or abandoned the child. The partial judgment and special findings were entered on December 16, 2016.
Appellate jurisdiction. On December 16, 2016, Flores filed a notice of appeal from "the judgment entered against her on November 29, 2016." However, final judgment was not ordered until March 28, 2017, when the judge resolved the child support issue by finding that the court lacked personal jurisdiction over the defendant. After entry of the final judgment on April 21, 2017, Flores did not file a new notice of appeal. The register of the Probate and Family Court assembled the record and then sent notice of that assembly on October 3, 2017. On March 23, 2018, Flores sought leave of this court to docket her appeal late, which was allowed. On December 11, 2018, the day before oral argument, Flores filed a motion to amend her December 16, 2016, notice of appeal to reflect the date of the final judgment, March 28, 2017.[3]
Under G. L. c. 215, § 9, a party may appeal from any interlocutory order of the Probate and Family Court. To prevent piecemeal appellate review, however, such appeals lie dormant, and the register of probate is not to issue a notice of assembly of the record "until the case has gone to judgment and an appeal from the judgment has been filed." Mancuso v. Mancuso, 10 Mass. App. Ct. 395, 401 (1980). See Borman v. Borman, 378 Mass. 775, 778-779 (1979). While it is not clear that filing a second notice of appeal after final judgment is legally necessary to perfect the interlocutory appeal, it is necessary as a practical matter to bring the appeal forward, as it signals to the register that it is time to assemble the record.
In the alternative, Flores could have obtained appellate review of the special findings under Mass. R. Dom. Rel. P. 54 (b), which permits a judge to direct the entry of a final judgment as to one or more, but fewer than all, of the claims in a complaint, but "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Here, the judge ordered the entry of a partial judgment, but Flores did not request, and the judge did not make, the express determination required by the rule.
Although Flores did not file a motion for entry of final judgment on the interlocutory partial judgment denying the special findings and did not file a timely notice of appeal after final judgment entered, in light of the defendant's lack of participation in the proceedings, the fact that the special findings were fully litigated and briefed, the fact that final judgment has entered, and to avoid further delay, we exercise our discretion to treat this appeal as properly before us. See Appleton v. Hudson, 397 Mass. 812, 813 n.3 (1986) ; New England Canteen Serv., Inc. v. Ashley, 372 Mass. 671, 677-678 (1977).
SIJ status. Flores challenges the judge's refusal to find that "reunification with [the defendant] is not viable due to abuse, neglect, abandonment, or a similar basis found under State law." 8 U.S.C. § 1101(a)(27)(J)(i) (2012). The judge concluded that Flores had failed to show that the defendant abandoned or neglected the child because Flores provided for all of the child's needs; did not "ever [make] any formal effort ... until the present action to request the father to contribute," despite knowing his whereabouts; and failed to demonstrate that the defendant "ha[d] an ability to support the child that he then 'neglected' to meet."
The judge erred by relying on Flores's ability to support the child rather than the defendant's failure to do so. A child is eligible for SIJ findings even if only one parent has abandoned or neglected the child. See 8 U.S.C. § 1101(a)(27)(J) (2012) ; Guardianship of Penate, 477 Mass. 268, 274 (2017) ; Recinos v. Escobar, 473 Mass. 734, 737 (2016). Thus, when it is alleged that reunification is not viable with one parent, the judge must limit her findings to that parent; she may not decline to find neglect or abandonment because the child is in the other parent's custody. See Guardianship of Penate, 477 Mass. at 275, 277. Here, the complaint alleged neglect and abandonment by only one parent, the defendant. The judge therefore should not have considered whether Flores adequately provided for the child, but rather should have limited the inquiry to whether the defendant's conduct constituted abandonment or neglect. See 8 U.S.C. § 1101(a)(27)(J) (2012) ; Guardianship of Penate, 477 Mass. at 274.[4]
Generally, we review questions of law de novo and findings of fact for clear error. Board of Registration in Med. v. Doe, 457 Mass. 738, 742 (2010). Here, however, "[b]ecause the Probate and Family Court judge declined to make special findings based on her review of documentary evidence, we stand[ ] in the same position as [she] did ... with respect to evaluating the written evidence and reaching a conclusion as to the special findings determination" (quotations omitted). Guardianship of Penate, 477 Mass. at 277.
Neglect is defined as:
"failure by a caretaker,[5 ] either deliberately or through negligence or inability, to take those actions necessary to provide a child with minimally adequate food, clothing, shelter, medical care, supervision, emotional stability and growth, or other essential care; provided, however, that such inability is not due solely to inadequate economic resources or solely to the existence of a handicapping condition."
110 Code Mass. Regs. § 2.00 (2008). "A caretaker's actions that fail adequately to protect a child's well-being can constitute neglect, even in the absence of actual harm." B.K. v. Department of Children & Families, 79 Mass. App. Ct. 777, 783 (2011), citing Lindsay v. Department of Social Servs., 439 Mass. 789, 795 (2003).
The uncontroverted evidence demonstrates that the defendant neglected the child. The defendant moved to the United States when his daughter was two years old and has not contributed to her needs or communicated with her since that time. When Flores notified the defendant that the child did not have an appropriate caretaker in Honduras, he refused to help. He likewise refused to help when the child was apprehended by immigration authorities at the United States border. Despite being served with Flores's complaint, the defendant never filed an answer or made an appearance. The evidence provided no basis to suggest that the defendant was willing to take action to support the child but was unable to do so solely because of inadequate economic resources or other disability beyond his control.[6] The defendant's failure to provide the child with any "food, clothing, shelter, medical care, supervision, emotional stability and growth, or other essential care" constitutes neglect.[7] 110 Code Mass. Regs. § 2.00 (2008).
Accordingly, so much of the partial judgment as incorporates paragraph 6 of the special findings is vacated. In that regard, we direct the judge to strike the existing language of paragraph 6 of the special findings and to replace it with the following: "The child's reunification with her biological father, Gerardo A. Juarez Hernandez, is not viable due to abuse, neglect, abandonment, or a similar basis under State law; specifically, neglect due to the father's failure to provide the child with any material or emotional support." As so modified, the partial judgment is affirmed.[8]
So ordered.
vacated in part; affirmed in part

Flores had filed a similar complaint one year earlier, which the same judge dismissed. No appeal was taken.

We deny the motion. We lack authority to allow the filing of a notice of appeal more than one year after judgment, see Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979), and we decline to allow an amendment to the notice of appeal to reflect a judgment issued after the notice was filed.

We note that at the time the judge made the special findings, she did not have the benefit of the guidance supplied in Guardianship of Penate.

"Caretaker" is defined to include a child's parent. 110 Code Mass. Regs. § 2.00 (2008).

The definition of neglect is not limited to a caretaker's failure to contribute financially, and includes the failure to provide "supervision" or "emotional stability and growth." 110 Code Mass. Regs. § 2.00 (2008). See B.K., 79 Mass. App. Ct. at 780.

Because Flores established that the defendant "neglected" the child, we do not address whether he also "abandoned" her. G. L. c. 210, § 3.

To the extent that the final judgment incorporates the special findings addressed herein, the final judgment should be modified in accordance with this memorandum and order.