NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1168

KAVEH L. AFRASIABI

vs.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Kaveh L. Afrasiabi, appeals from a Superior Court judge's allowance of a special motion to dismiss pursuant to the anti-SLAPP statute, G. L. c. 231, § 59H, filed by President and Fellows of Harvard College (Harvard University or defendant). We conclude that (1) the defendant has made a threshold showing that the plaintiff's claims are based on its petitioning activity alone and have no other substantial basis, and (2) the plaintiff has not met his burden to show by a preponderance of the evidence that the defendant's petitioning activity lacked any reasonable factual support or arguable legal basis. In those circumstances, the judge properly allowed the special motion to dismiss.

Background.  The plaintiff filed this complaint against the defendant alleging that the defendant had defamed his character, violated his civil rights, and intentionally and unintentionally inflicted emotional distress.  The complaint alleged the factual basis underpinning those causes of action as follows:

> "17.  In early March, 2022, through the US Attorneys in New York . . . [plaintiff] learned that Harvard University has complained of 'harassment' by [plaintiff] to the FBI. [The] US attorney['s] letter, dated March 3, 2022, stated: 'On February 23, 2022, a representative of [Harvard University] contacted the Federal Bureau of Investigation ("FBI") to report that [plaintiff] sent harassing e-mails to several [Harvard University] faculty members.'

> "18.  [The plaintiff] has never engaged in any unlawful act of harassment and Harvard University has conveniently misconstrued his unwanted complaints as harassment."[1]

The defendant filed a special motion to dismiss, along with an affidavit of counsel attaching a copy of a March 3, 2022 letter to the plaintiff from two Assistant United States Attorneys (March 3 letter).  The defendant's counsel averred that the March 3 letter was publicly available on the docket of a criminal case then pending against the plaintiff in the United States District Court for the Eastern District of New York.  The March 3 letter contained the same language quoted at paragraph

---

[1] The March 3 letter referred to Harvard University as "University-1."  The parties do not dispute that the university involved is Harvard University, and so we refer to it by name.

2

17 of the plaintiff's complaint, and further informed the plaintiff:

> "[Harvard University] voluntarily provided some of those e-mails to the FBI. Attached to some of the e-mails that you sent to [Harvard University] faculty were documents that had been disclosed to you in the government's discovery production . . . 'subject to the terms of the Court's August 12, 2021 Protective Order.' . . . The materials attached to the e-mail that you sent to [Harvard University] faculty were clearly stamped 'SUBJECT TO PROTECTIVE ORDER' with the Bates numbers assigned to those documents in the government's . . . production.
>
> "Your disclosure of those materials without prior authorization from the government or the Court was a violation of the Protective Order."

The defendant asserted that it engaged in protected petitioning activity under G. L. c. 231, § 59H, when it reported to the FBI that the plaintiff had disseminated discovery materials that were subject to a protective order.

The plaintiff opposed the special motion to dismiss, including with his memorandum nine appendices of documents, among which were copies of e-mails and communications from him to faculty of the defendant, and arguing that their contents did not constitute harassment. The plaintiff also moved to "cure" the complaint by amending it to add the word "allegedly" to paragraph 18 quoted above, so that it would read, "[The plaintiff] has never engaged in any unlawful act of harassment and Harvard University has conveniently misconstrued his allegedly unwanted complaints as harassment" (emphasis added).

3

In addition, the plaintiff moved for discovery from the defendant of his e-mails that the defendant had "produced to the FBI and branded as 'harassing.'"

A Superior Court judge allowed the defendant's special motion to dismiss, ruling that the defendant's reporting to the FBI that the plaintiff had sent the e-mails and their attachments was protected petitioning activity. On the same date, the judge denied plaintiff's motion for discovery. The plaintiff then moved to reconsider the dismissal, arguing among other things that the judge had failed to rule on his motion to "cure" or amend the complaint. The judge denied the motion to reconsider, and also denied the plaintiff's motion to amend the complaint. The plaintiff appealed.

Discussion. Special motion to dismiss. We review de novo the ruling on the defendant's special motion to dismiss, "because both stages of our framework require resolution of legal questions based entirely on a documentary record, for which 'no special deference' is owed to a motion judge." Bristol Asphalt Co. v. Rochester Bituminous Prods., Inc., 493 Mass. 539, 560 (2024) (Bristol Asphalt), quoting Board of Registration in Med. v. Doe, 457 Mass. 738, 742 (2010).

At the first stage, we consider whether the defendant, as proponent of the special motion to dismiss, has made "'a

4

threshold showing through the pleadings and affidavits that the claims against it are 'based on' the [party's] petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.'" Bristol Asphalt, 493 Mass. at 555, quoting Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-168 (1998). To make that determination, we review the plaintiff's complaint "to identify which factual allegations serve as the basis for a particular claim." Bristol Asphalt, supra at 561.

We conclude that the defendant has met its burden at the first stage. All of the plaintiff's claims are based on the factual allegation that the defendant contacted the FBI and reported that the plaintiff had sent its faculty e-mails, attached to which were documents subject to a protective order. Reporting to law enforcement a violation of a protective order "is quintessential petitioning activity." Bristol Asphalt, 493 Mass. at 562. See also Benoit v. Frederickson, 454 Mass. 148, 153 (2009) (reporting alleged rape to police); Dever v. Ward, 92 Mass. App. Ct. 175, 179 (2017) (communication with law enforcement is "quintessential petitioning activity").

In opposing the defendant's threshold showing that it engaged in protected petitioning activity, the plaintiff makes three arguments. First, he contends that the defendant was not

5

engaged in petitioning activity when it made its report to the FBI because it did not accuse the plaintiff of a crime. The statutory definition of petitioning activity includes "any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding." G. L. c. 231, § 59H. The defendant's alerting the FBI that the plaintiff had disseminated documents subject to a protective order was a statement "in connection with an issue under consideration" in the Federal case. Id. Cf. Marabello v. Boston Bark Corp., 463 Mass. 394, 400 (2012) (declining to reach question whether defendant affirmatively sought redress based on statement seeking to influence governmental body in response to government investigation). Apparently as a result of the FBI's having been alerted to that dissemination, the Federal prosecutors sent the March 3 letter to the plaintiff.[2] It did not matter that the defendant did not also ask the FBI to criminally prosecute the plaintiff for his conduct.

Second, the plaintiff contends that because the March 3 letter describes the plaintiff's e-mails as "harassing," a

---

[2] As for the plaintiff's claim that some of the documents marked "subject to protective order" were in fact "public information," we take no position on the scope or enforceability of the protective order, which is not in the record before us.

description he contests, the defendant must have used that adjective in making its report to the FBI and therefore the report was defamatory, violated his civil rights, and caused him emotional distress. We are not persuaded. Even assuming that the defendant informed the FBI that it considered the plaintiff's e-mails to be "harassing," that characterization did not amount to "a substantial basis" in addition to the defendant's exercise of petitioning activity by informing the FBI that the plaintiff had disseminated documents in violation of a protective order. Bristol Asphalt, 493 Mass. at 556.

Finally, the plaintiff argues that the judge improperly declined to consider the defendant's motive in making its report to the FBI. The argument is unavailing. "[N]either a special motion proponent's identity, nor the motive behind its decision to engage in petitioning activity (or to file a special motion to dismiss), is relevant to the threshold inquiry." Bristol Asphalt, 493 Mass. at 563.

We turn to the second stage, at which we consider whether the plaintiff has shown that the defendant's "exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law." G. L. c. 231, § 59H, first par. It is the plaintiff's burden to make that showing by a preponderance of the evidence. See Bristol Asphalt, 493 Mass.

at 563.  For the plaintiff to prove that "petitioning is 'devoid' of any reasonable factual support or any arguable basis in law is a difficult task."  Id. at 557.  In clarifying the second stage, Bristol Asphalt abrogated Blanchard v. Steward Carney Hosp., Inc., 477 Mass. 141, 160 (2017), which previously held that at the second stage the opponent of the special motion to dismiss must demonstrate only that "each . . . claim was not primarily brought to chill the special movant's legitimate petitioning activities" (emphasis added).

We conclude that the plaintiff did not meet his burden to show that the defendant's petitioning activity, informing the FBI that the plaintiff had sent the defendant e-mail attachments bearing markings showing that they were subject to a protective order, was devoid of any reasonable factual support or arguable basis in law.  See Bristol Asphalt, 493 Mass. at 557.  The reasonable factual support is shown by the plaintiff's complaint alleging that since 1996 he has sent e-mails and letters to the defendant about a "long-standing dispute" he has with the university.  And the arguable basis in law is shown by the March 3 letter and the words "SUBJECT TO PROTECTIVE ORDER" which were printed on the documents that the plaintiff sent to the defendant.

Motion for discovery.  The plaintiff argues that, unless he is permitted discovery of the e-mails the defendant received from him, the judge did not have a sufficient basis to determine whether they were "harassing."  We have already concluded that, assuming that in its report to the FBI that that the plaintiff had disseminated documents in violation of a protective order, the defendant described the plaintiff's e-mails as "harassing," that characterization did not amount to "a substantial basis" in addition to the defendant's exercise of petitioning activity.  Bristol Asphalt, 493 Mass. at 556.

Motion to "cure" complaint.  The plaintiff argues that the judge should have permitted him to amend paragraph 18 of the complaint to state that the e-mails he sent to the defendant were "allegedly" unwanted.  In denying the motion, the judge noted, "As [plaintiff] entirely denies wrongdoing, the insertion of the word 'allegedly' does not change the sentence in question in any meaningful way.  Thus, the requested 'cure' is meaningless and therefore futile."  The judge did not abuse his

9

discretion in denying the motion to amend the complaint to add that adverb.[3]

Judgment affirmed.

Orders entered August 22, 2023, affirmed.

By the Court (Sacks, Englander & Grant, JJ.[4]),

*Paul Little*

Clerk

Entered:  November 15, 2024.

---

[3] Included in a supplementary pleading filed after the hearing on the defendant's special motion to dismiss was the plaintiff's request that "the court should allow the Plaintiff to amend the complaint by adding complaint of defendants' violation" of G. L. c. 268, § 13B, the criminal statute proscribing intimidation of a witness.  In denying the motion to reconsider, the judge noted that the plaintiff "lacks the ability to bring criminal charges under G. L. c. 268, § 13B in this setting."  We discern no error or abuse of discretion in that ruling.

[4] The panelists are listed in order of seniority.

10