NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-474

MARK E. MILLER & others[1]

vs.

HAROLD M. MILLER, JR.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the Superior Court, the defendant, Harold M. Miller, Jr., was found liable for conversion and breach of fiduciary duty.[3]  After a subsequent hearing, the judge allowed the plaintiffs' motion for attorney's fees, costs, and expenses pursuant to G. L. c. 231, § 6F.  The

---

[1] Emerson Miller and Patricia A. Miller-Fernandes.

[2] Individually and as trustee of the Miller Family Nominee Trust, the Miller Family Trust, the Miller Family 2013 Irrevocable Trust, and as principal, member, and agent of Brute and Hector, LLC, doing business as Inpopnito Popcorn in Disguise.

[3] The judge also imposed a constructive trust on a portion of the misappropriated property and conducted an accounting of the contested trusts.  Judgment entered for the defendant on four other claims raised by the plaintiffs.

defendant appeals, arguing that certain evidence was admitted erroneously and that the judge should not have awarded attorney's fees to the plaintiffs.  We affirm.

Background.  As this is an appeal from a judgment after trial, we summarize the facts from the record in the light most favorable to the plaintiffs, the prevailing parties.  See Charles v. Leo, 96 Mass. App. Ct. 326, 328 (2019).  Each of the parties to this case are children of Marjorie E. Miller and Harold M. Miller (the Millers).  Over the years, the Millers set up a number of trusts as part of an estate plan that they intended to benefit each of their six children equally.[4]  The Millers established themselves as cotrustees of the various trust instruments, with the defendant and plaintiff Mark E. Miller designated as successor trustees.

Marjorie's health, namely her cognitive functioning, began to decline as early as December 2006.  In 2007, she executed a durable power of attorney, designating her husband, Harold, as her attorney-in-fact.  The defendant was designated to serve as attorney-in-fact upon the event of Harold's unavailability, which occurred when Harold passed away in 2011.  By 2012,

---

[4] The trusts in question were the Miller Family Nominee Trust, the Miller Family Trust, the Miller Family 2013 Irrevocable Trust, the Harold M. Miller Living Trust, and the Marjorie E. Miller Living Trust.

Marjorie had been diagnosed with progressive cortical dementia and was, at times, unable to recall the names of her children. In 2013, she was diagnosed with "dementia of Alzheimer's type," and she was described as having "end-stage dementia" by early 2014. Marjorie passed away in August 2018.

As Marjorie's attorney-in-fact, the defendant had the power to do all acts and enter into all transactions which he deemed necessary or proper for the protection of Marjorie's estate and interests. From December 2011, when he became Marjorie's attorney-in-fact, until her death in August 2018, the defendant took, for his own use and for the advancement of his business, a total of $290,461.23 from Marjorie's various accounts and trusts. The judge, after hearing testimony at trial from three witnesses and considering 293 exhibits, found the defendant liable for conversion and breach of fiduciary duty. More specifically, the judge found that the defendant exercised Marjorie's durable power of attorney, using Marjorie's accounts "as if [they were] his own" and regularly withdrew large amounts of cash to "finance his business and for other personal uses" rather than to give himself gifts (something allowed by the durable power of attorney) or to protect Marjorie's interests. The judge also found that he breached the fiduciary duty he had to his siblings, the cobeneficiaries of the trusts. The judge

3

awarded the plaintiffs damages in the amount of $48,410.21 each, representing their one-sixth share of the $290,461.23 converted by the defendant.

Discussion. In his brief, the defendant raised the argument that the judge improperly relied on lay witness testimony in evaluating Marjorie's competency. At oral argument, the defendant waived his challenge to the admissibility of the testimony at issue. Instead, the defendant argued that he was entitled to withdraw the funds in question and use them as he pleased under the durable power of attorney and as trustee of the trusts. Although the defendant asserted in his brief that he was entitled to the funds in question, his legal argument was based entirely on the evidentiary issue. Indeed, he argued that the admission of lay testimony caused the judge to find that the defendant converted the funds rather than used them as he was entitled to. Because the issue raised at oral argument was not properly briefed, it is waived. See Mass. R. A. P. 16 (a) (9) (A), as amended, 481 Mass. 1628 (2019). See also Board of Registration in Med. v. Doe, 457 Mass. 738, 743 n.12 (2010).

The defendant also challenged the judge's award of attorney's fees, costs, and expenses pursuant to G. L. c. 231, § 6F. The defendant did not appeal the judge's award of fees to

4

a single justice within ten days of notice of the award, as required by G. L. c. 231, § 6G.  This panel lacks jurisdiction over an appeal from a trial court's attorney's fees decision.  See Bailey v. Shriberg, 31 Mass. App. Ct. 277, 283 (1991).  Furthermore, we decline the defendant's request that we transfer his appeal of the fees award to the single justice docket.  In his request, the defendant cites to this court's decision in Bailey for the proposition that a fees award incorporated into a final judgment may be grounds for this panel to grant such a request.  To the contrary, Bailey is clear that "[t]he fact that the order under § 6F is included in the judgment . . . does not obviate the necessity for separate appeals."  Id.  The conditions that led this court in Bailey to exercise its discretion to transfer the appeal of a fees award to the single justice docket are not present in this case.  See id. at 284 (appeal to panel timely, absence of prior case law explicitly requiring separate appeals).

Asserting that this appeal is frivolous, the plaintiffs have requested appellate attorney's fees.  We agree the plaintiffs are entitled to appellate attorney's fees.  See Marion v. Massachusetts Hous. Fin. Agency, 68 Mass. App. Ct. 208, 212 (2007) ("We may award appellate attorney's fees when we determine that an appeal is frivolous").  See also Mass.

5

R. A. P. 25, as appearing in 481 Mass. 1654 (2019).  Consistent with the procedure set out in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the plaintiffs may submit an application for attorney's fees, with supporting documentation, to this court within fourteen days of the date of this decision.  The defendant shall have fourteen days thereafter to respond.

Judgment affirmed.

By the Court (Walsh, Toone & Tan, JJ.[5]),

Clerk

Entered:  January 30, 2026.

---

[5] The panelists are listed in order of seniority.

6